AGNES L. PRICE, Respondent, v. SAMUEL L. MULFORD, Impleaded, etc., Appellant.

Where one receiving money in his own right is afterwards, by evidence or construction changed into a trustee, he may plead the statute of limitations as a bar in an action to recover the money.

In 1868, W., of the firm of M. & W., was county treasurer. In July of that year he transferred in the name of his firm, to his successor in office an obligation or certificate of indebtedness, which had been transferred to the firm, as security for a certain court fund which had come into his hands as treasurer. In the official book containing his account of court funds was an entry under date of January 1, 1868, stating the balance on hand to the credit of said fund and that the same was invested in said certificate. At that time the firm was indebted to W. and on the books of the firm the certificate was charged to W. on account of that debt. In an action brought in 1883 to charge the firm with the amount of said certificate on the ground that the money went to its benefit, in which M. alone appeared and defended, there was no evidence of any personal participation by him in any of the transactions and no charge of fraud was made or proved against him. *Held*, that the cause of action, if any, arose in 1868, and that the statute of limitations was a bar.

*Price* v. *Mulford* (36 Hun, 247) reversed.

(Argued October 7, 1887; decided November 29, 1887.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made May 11, 1885, which affirmed a judgment in favor of plaintiff, entered upon a verdict. (Reported below, 36 Hun, 247.)

This action was brought against defendants as members of the firm of Mulford & Wandell, alleged to have come to their hands belonging to plaintiff.

Mulford alone appeared and defended. The material facts are stated in the opinion.

*Samuel L. Mulford*, for appellant. The cause of action set forth in the complaint was barred by the statute of limitations as against the defendant Mulford. (Code of Civ. Pro., § 396, sub. 3; *Miller* v. *Wood*, 41 Hun, 600; *Carr* v. *Thompson*, 87 N. Y. 265, 266; *Welsh* v. *Ger. Am. B'k.*, 73 id. 424; 1 Duer. 434; *Murray* v. *Coster*, 20 Johns. 576, 585; *Bible Soc.* v. *Hillard*, 51 Barb. 552; 41 N. Y. 619; *Smith* v. *Remington*, 42 N. Y. 75; *Rundle* v. *Allison*, 34 id. 180; *Kane* v. *Bloodgood*, 7 Johns. Ch. 90; *B'k. U. S.* v. *Daniel*, 12 Pet. 32; *Pierson* v. *McCurdy*, 100 N. Y. 608.) A perfect cause of action accrued (if at all) to the plaintiff's assignors on or about January 1, 1868, when the money is alleged to have been wrongfully converted by the defendants, and no demand was necessary before commencing action. (*Kingman* v. *Hotaling*, 25 Wend. 423; *Parmenter* v. *Simonds*, 2 Bro. P. C. 43, 47; *Carroll* v. *Cone*, 40 Barb. 220; *Carr* v. *Thompson*, 87 N. Y. 165, 166; *Engel* v. *Fisher*, 23 N. Y. W'kly Dig. 548; *Burt* v. *Myers*, 37 Hun, 277; *Miller* v. *Wood*, 41 id. 600; *Stacy* v. *Graham*, 14 N. Y., 492; *Howard* v. *France*, 43 id. 593; *Pease* v. *Smith*, 61 id. 477; *Sharkey* v. *Mansfield*, 90 id. 227; *Powell* v. *Powell*, 71 id. 71; *Kern* v. *Schoonmaker*, 4 Ohio, 331; *Fee* v. *Fee*, 10 id. 400; *Northrup* v. *Hill*, 57 N. Y. 351; 15 Am. Rep. 501; *Argall* v. *Bryant*, 1 Sandf. 98; *Lathrop* v. *Snellbaker*, 6 O. St. 276; *Ellis* v. *Korlso*, 18 B. Mon. [Ky.] 296; *Leroy* v. *Springfield*, 81 Ill. 114; *Crawford* v. *Goulden*, 33 Ga. 173; *Allen* v. *Muller*, 17 Wend. 202; *Leonard* v. *Pitney*, 5 id. 30; *Ganley* v. *Troy City Nat. B'k.*, 98 N. Y. 495; *Burt* v. *Meyers*, 37 Hun, 277; *Hennsbert* v. *Trinity Ch.*, 24 Wend. 587; *Engel* v. *Fischer*, 102 N. Y. 400; *Denyo* v. *Schuehburgh*, 4 Y & Col. 42; *Cummings* v. *Brown*, 43 N. Y. 514.) This is an action at law and not at equity, and the rules governing actions at law must be applied. (*Carr* v. *Thompson*, 87 N. Y. 160; *Foot* v. *Farrington*, 41 id. 164; *Loder* v. *Hatfield*, 71 id. 92; *Borst* v. *Carey*, 15 id. 505, 510.) Where there is a legal and equitable remedy in respect to the same subject-matter the latter is under the control of the same statute bar

as the former. (*Rundel* v. *Allison*, 34 N. Y. 180, 183 ; Code of Civil Pro., §§ 380, 382 ; old Code, § 91 ; *Carr* v. *Thompson*, 87 N. Y. 160 ; 1 Wait's Pr., 53 ; *Foot* v. *Farrington*, 41 N. Y. 164 ; *Mayne* v. *Griswold*, 3 Sand. 463 ; 9 N. Y. Leg. Obs. 25 ; *Murray* v. *Coster*, 20 Johns. 576 ; *Hickok* v. *Hickok*, 13 Barb. 632 ; *Loder* v. *Hatfield*, 71 N. Y. 9 ; *Troup* v. *Smith*, 20 Johns. 33, 48.) The statute runs against a trust in respect to which there is a remedy at law. (*Governor* v. *Woodworth*, 63 Ill. 254 ; *Paff* v. *Kinney*, 1 Bradf. 1 ; 7 Wait's Act. & Def. 269 ; *Perry* v. *Pierson*, 1 Gill. [Md.] 234.) It is only where there is an actual, continuing and subsisting trust that a trustee is precluded from setting up the statute of limitation. (*In Re Neilley* 19 N. Y. W'kly Dig. 85 ; 95 N. Y., 382 ; *Spotswood* v. *Dandridge*, 4 H. & M. [Va.] 139 ; *De Coucha* v. *Savatier*, 3 Johns. Ch. 190 ; *Kane* v. *Bloodgood*, 7 id. 90 ; *Burt* v. *Meyer*, 37 Hun, 277 ; *Lamner* v. *Stoddard*, 25 N. Y. W'kly Dig. 107 ; 4 N. Y. State Rep. 225 ; 103 N. Y. 672 ; 33 Conn. 67 ; 60 Penn. 290 ; 21 N. J. Eq. 76 ; 3 John's. Ch. 190, 216 ; 7 id. 90 ; 3 Sandf. Ch. 592 ; 14 Abb. [N. C.] 13 ; 18 Wall. 493 ; Perry on Trusts, § 865.)

*Henry D. Hotchkiss* for respondent. The denial of the motion to dismiss the complaint on the ground that the cause of action was barred by the statute of limitations, was proper, and should be affirmed. (Code of Civ. Pro., § 382, subd. 5 ; 2 R. S., 301, § 51 ; *Mayne* v. *Griswold*, 3 Sandf. 463, 481–484 ; *Bertine* v. *Varian*, 1 Edw. Ch. 343 ; Code, § 91, subd. 6 ; *Foot* v. *Farrington*, 41 N. Y. 164 ; *Carr* v. *Thompson*, 87 id. 160 ; *Kirby* v. *L. S., etc., R. Co.*, U. S. Sup. Ct. 30, Law ed. 569, January, 1887 ; *In re Price*, 67 N. Y. 231 ; Code of Civ. Pro., §§ 744–750 ; Supreme Ct. Rules, 62, 73 ; Laws of 1859, chap. 386.) The receiving of the money, which consistently with conscience cannot be retained, is, in equity, sufficient to raise a trust in favor of the party for whom or on whose account it was received. (*Newton* v. *Porter*, 5 Lans. 430 ; 69 N. Y. 133, 137 ; 2 Story's Eq. Jur., § 1255 ; 2 Pom.

Eq. Jur., § 1047; *Chester* v. *Dickerson*, 54 N. Y. 1; *Brad-ner* v. *Strang*, 23 Hun, 445; 89 N. Y. 299; *Nat. L. Ins. Co.* v. *Minch*, 53 id. 144; *Hathaway* v. *Johnson*, 55 id. 93–96.)

DANFORTH, J. There is force in the appellant's contention that no case was made out against him, and that for want of merits the complaint should have been dismissed. This was also the opinion of the learned judge, who dissented from the judgment appealed from. It is unnecessary, however, to dis-cuss that proposition, for whatever cause of action the plaintiff had accrued January 1, 1868. The action was not begun until November, 1883, and the view we take of the plaintiff's claim as affected by the statute of, limitations, is conclusive of the case.

The record shows that one Nicholas Van Dyck Price while an infant became entitled to $1,909.13 as his share of the pro-ceeds of land sold under partition proceedings, in or before the year 1845. At his death in 1859, the fund was in the hands of the treasurer of Richmond county, and in June, 1883, the then treasurer, by direction of the court, delivered the same to the widow and heirs of Nicholas. Among other securities was a paper in these words:

"ROSSVILLE, *July* 12, 1864.

"This is to certify that St. Patrick's Roman Catholic Church, Richmond, Staten Island, is indebted to Mr. D. Keeley, thirteen hundred and fifty dollars for work performed on the the same.

"JOHN BARRY,

"$1,350.00.                                         *Pastor.*

[Indorsed.]

"Please pay the within to Messrs. Mulford & Wandell, or order.

"DENIS KEELEY."

Other indorsements by Mulford & Wandell show that they received payments of interest thereon up to July 12, 1867. Then followed an indorsement made July 1, 1868, as follows:

" Please pay within amount of $1,350.50–100 and interest to E. P. Barton, county treasurer. (Approved, January 1, 1868.)

"MULFORD & WANDELL,

ᵥ "*Per* P. S. WANDELL."

In September, 1883, the plaintiff, who was one of the heirs of Nicholas, became by assignment from the widow and the other heir sole owner of the certificate. Wandell was county treasurer from 1865 to some time in 1868, when he was succeeded by Mr. Barton, and was a member of the firm of Mulford & Wandell from June, 1862, to June, 1869. He thus filled two characters, and the evidence shows that the indorsement to Barton was made by Wandell, and the official book containing the account of court funds, when delivered to his successor contained, under the head of *Conner* v. *Dyke* (the partition suit), these entries:

"*January* 1, 1868.

" Balance on hand in this suit................ $1,397 44

" Invested in bond of Rev. John Barry, of St.
Patrick's Church......................... 1,350 00

" Interest accrued on do.....................  47 25."

It also appeared that at the same time the firm of Mulford & Wandell was indebted to Wandell and the certificate was charged to Wandell on the books of the firm on account of that debt. There was no evidence of any personal participation by Mulford in any of these transactions, or knowledge of them, except as it might be imputed to him from his connection with Wandell as a partner. The action was upon the ground that the money went to the benefit of the firm, and judgment for the amount was prayed for as for so much money " had and received to and for the use of the plaintiff." At the close of the plaintiff's case the defendant Mulford asked for a dismissal of the complaint upon several grounds, and, among others, that the cause of action did not accrue at any time within six years next before the commencement of the action, and thereupon the plaintiff moved to amend the complaint by adding in the prayer for judgment, after the date,

1868 (that being the time when the cause of action was alleged to have accrued), "that the defendant be held to have received said sum of money as trustee for the benefit of the plaintiff." The motion to amend was granted and the motion to dismiss denied. The judge presented the case to the jury and directed them to inquire "whether or not the money was applied by Mr. Wandell to the benefit of the firm," saying: "It does not make any difference in this view of the case, whether Mr. Mulford knew anything about it or not, and you will see that it is perfectly proper and right that a man who receives the benefit of funds abstracted under such circumstances as these, although he may not know anything about the source from which they are derived, should be charged with the liability to repay the persons who are entitled to the fund."

As an action for money had and received there can be no doubt that the statute of limitations was a perfect defense. It was not less a defense, although it had been received under circumstances from which the law would imply a trust. The case of an express or direct trust would be different. A trustee so appointed would be bound to take care of his *cestui que trust* so long as the relation existed, and he could do nothing adverse to it. But when one receives money in his own right, and is afterwards by evidence or construction changed into a trustee, he may insist on the same lapse of time as a bar. (*Kane* v. *Bloodgood*, 7 J. Ch., 88); *Lammer* v. *Stoddard*, 103 N. Y., 672.)

But the plaintiff cites subdivision 5, section 382 of the Code of Civil Procedure, which provides that where the "action is to procure a judgment other than for a sum of money, on the ground of fraud, in a case which, on the 31st day of December, 1846, was cognizable by the Court of Chancery, the cause of action is not deemed to have accrued until *the discovery by the plaintiff*, or the *persons under whom he claims*, of the facts constituting the fraud," and insists that the general provision of the statue did not apply. But to that position there are several answers. (1.) The action is not to procure a judgment other than for a

sum of money; the only judgment asked is for a specific sum of money, the amount of the Barry certificate with interest, and such was the verdict of the jury and the judgment. The action was founded upon an implied contract, obligation or liability, and upon nothing else. (2.) Fraud is not stated as a ground of relief, nor does the complaint contain any allegations to bring it within that subdivision. (3.) Nor was fraud of any kind, or facts from which fraud on the part of Mulford might be implied, proven against him. The fact assumed therefore by plaintiff's counsel, cannot be admitted. Mulford's character and liability as trustee, if there were any, results not from any act of his own, or of the plaintiff, or her assignors, but from the application of the doctrines of equity, which regard him as standing in that relation in order to give the plaintiff a remedy. There was a misapplication of the plaintiff's money, but it was a "misapplication," by the county treasurer, and not by the defendant; he was held liable because the firm of which he was a member received the benefit of money derived from the certificate after the other defendant made such misapplication of the trust fund. From that and not from any fraud or knowledge of fraud, or misapplication, a contract liability to make restoration was implied. Fraud was not the ground of the action, nor was it established by proof, and the limitation of six years, provided for by section 382, subdivision 1, applies. (*Carr* v. *Thompson*, 87 N. Y., 160.)

The judgment appealed from should be reversed and a new trial granted, with costs to abide the event.

All concur.

Judgment reversed.