### ROEDIGER v. KRAFT et al. (No. 7606.)

(Supreme Court, Appellate Division, First Department. July 9, 1915.)

LIMITATION OF ACTIONS ⊙—102—TRUST EXISTING BY OPERATION OF LAW.

A wife at the time of her death was entitled to a vested remainder in her father's estate, subject to a life estate of her mother. After her death, and after the mother's death, the father's executor and trustee undertook to distribute the estate, and without authority paid the wife's share to her husband, who thereupon became a trustee de son tort by operation of law; there being no promise to carry out the terms of the trust contained in the father's will, or assumption of the duties of the executor and trustee so as to create an express trust. *Held*, that while, as against a trustee of an actual express subsisting trust, limitations do not run against the beneficiary until the trustee has openly, to the knowledge of the beneficiary, renounced, disclaimed, or repudiated the trust, as the husband was only a trustee by operation of law, limitations ran against the wife's estate from the time he received the money, and it was immaterial that the husband received the money with notice of the trust attaching to it in the hands of the executor and trustee, or that the suit by the wife's estate was in the form of a suit for an accounting.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 494–505; Dec. Dig. ⊙—102.]

Appeal from Trial Term, New York County.

Action by Jessie Roediger, as administratrix of Louisa Roediger, deceased, against Nellie Kraft and another, as executors of Traugott F. M. Roediger, deceased. From a judgment in favor of plaintiff for the sum of $12,279.18, defendants appeal. Reversed, and complaint dismissed.

See, also, 152 N. Y. Supp. 327.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

⊙—For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

William W. Pellet, of New York City, for appellants.
Gustav Lange, Jr., of New York City, for respondent.

HOTCHKISS, J.   The complaint alleges that one Julius Miller, as executor and trustee under the last will of Jacob Miller, deceased, paid to Traugott F. M. Roediger, defendant's testator, "for safe-keeping and on deposit for the benefit of the plaintiff as administratrix," etc., various sums of money which the said Traugott had not repaid. In form the relief demanded was an accounting and judgment for the amount so found due.   The complaint contains no allegation of fraud. The facts found by the learned court below were as follows:

Louisa Roediger, plaintiff's intestate, was the daughter of Jacob Miller, deceased, and at the time of her death was entitled to a vested one-sixth remainder in his estate, subject to the life estate of her mother, the wife of Jacob, who survived the intestate, Louisa.   After the death of Louisa's mother, the widow of Jacob, Julius Miller, the executor and trustee under the will of Jacob, undertook to distribute the estate, and to that end, without authority, paid to Traugott F. M. Roediger, the husband of Louisa, the amount due on account of Louisa's said interest.   The dates and the amounts of the payments so made were:   November 27, 1901, $1,160;  January 17, 1902, $1,-831.31;  and February 18, 1902, $3,101.65.   At the time these moneys were received by defendant's testator, he knew that they represented his wife's interest in the estate of her father, and that his wife had died intestate, leaving no valid last will and testament, but leaving her surviving her said husband, Traugott, and six children.   The court also  found that, on the receipt of said moneys, Traugott F. M. Roediger by operation of law became a trustee of and liable to pay over said moneys to the plaintiff, and that the claim of the plaintiff was not barred by the six-year statute of limitations.

The plaintiff offered testimony to the effect that, at the time these payments were made to Traugott, he told Julius it was his intention to dispose of the same according to the "wishes" of his said wife, and as proof of such "wishes" plaintiff offered in evidence writing in the form of a last will and testament, signed by the plaintiff's intestate, but which writing was insufficient as a last will, for which reason probate thereof had been denied.   Such testimony was insufficient, however, to support a finding that said moneys were received by Traugott upon any express trust whatsoever, much less upon any promise or agreement to carry out the terms of the trust contained in the will of Jacob, or that Traugott assumed to succeed Julius as trustee under such will and to perform Julius' duties thereunder.   On the contrary, as above stated, the court found that by receipt of said moneys, and solely by operation of law, Traugott became "a trustee de son tort."   Under these circumstances the case is governed by the principles applied in Mills v. Mills, 115 N. Y. 80, 21 N. E. 714, Lammer v. Stoddard, 103 N. Y. 672, 9 N. E. 328, and Price v. Mulford, 107 N. Y. 303, 14 N. E. 298.   In Lammer v. Stoddard, the court said (page 673 of 103 N. Y., page 329 of 9 N. E.):

"It is undoubtedly generally true that, as against a trustee of an actual, express, subsisting trust, the statute does not begin to run against the bene-

ficiary until the trustee has openly, to the knowledge of the beneficiary, renounced, disclaimed, or repudiated the trust. But Edward Lammer was not the actual trustee of this fund, and he never acknowledged a trust as to the money loaned him. He could, at most, have been declared a trustee ex maleficio, or by implication or construction of law, and in such a case the statute begins to run from the time the wrong is committed by which the party became chargeable as trustee by implication."

The fact that Traugott received the moneys with notice of the trust attaching to the same in the hands of Julius Miller is, in an action of this character, immaterial (Price v. Mulford, supra), and it is likewise immaterial that the form of relief demanded in the complaint was for an accounting (Mills v. Mills, supra, page 85 of 115 N. Y., page 714 of 21 N. E.).

The six-year statute of limitations having been duly pleaded by the defendant, and this action having been commenced long after the statute had run, it follows that the judgment should be reversed, with costs, and the complaint dismissed, with costs.

CLARKE and DOWLING, JJ., concur.

INGRAHAM, P. J. (concurring). Jacob Miller died in the year 1874, leaving real and personal property and a will dated the 11th of April, 1864, which was duly admitted to probate. After a bequest to his wife of his household furniture and other articles of personal property, he devised and bequeathed to his executors all the rest, residue, and remainder of his estate, in trust to receive the incomes and profits thereof and to pay the same to his wife during her life or so long as she should remain his widow, and after the decease of his said wife or on her remarriage he gave, devised, and bequeathed all his estate, both real and personal, to his six children, of which the plaintiff's intestate was one, to have and to hold the same, their heirs and assigns, forever, share and share alike. Then, after giving his executors a power of sale of his real estate, the will directed that after the death of his wife or on her remarriage the executors be authorized and empowered to divide his real and personal estate into six equal parts and to convey to each of his six children or *their heirs* one of said parts. It also authorized his executor to sell and dispose of the said real and personal estate and divide the proceeds among his six children share and share alike.

During the life of the widow his daughter Louisa, the plaintiff's intestate, died, leaving an instrument in the nature of a last will and testament, which, however, was not admitted to probate. Plaintiff's intestate was the wife of the defendant's testator, Traugott F. M. Roediger. During his lifetime no administration was taken out on his wife's estate. After the death of the testator's widow, his executor sold his real estate and received the proceeds, and also the personal property, and attempted to divide it among the testator's children. The share coming to plaintiff's intestate, however, was paid over to the defendant's testator, who received it with knowledge that it was part of the trust estate and apparently appropriated it to his own use, stating, when he received it, that he would carry out this instrument

that his wife had executed, but which was not admitted to probate. Nothing seems to have been done about the estate of Louisa, one of the children of the testator, until after Dr. Roediger's death, when the plaintiff applied for, and obtained, letters of administration upon her mother's estate, and then as such administratrix brought this action to recover the amount of money that was paid to her father, the husband of Louisa Miller, as property of her mother to which she was entitled, and has recovered judgment for the amount paid to the defendant's testator.

Under the will of Jacob Miller I think the remainder vested of one-sixth of his real and personal property in each of his six children—Louisa, plaintiff's intestate, being entitled to one-sixth of the remainder of his estate after the death of the testator's widow. Under the will, however, the surviving executor was authorized to sell all the real and personal property. Acting under this power, the testator sold the real estate, that he had held in trust during the life of the testator's widow, and received the proceeds. The will then directed him to divide both the personalty and the proceeds of the realty into six equal parts, and convey to each of the said children, or their heirs, one of said six parts. By the exercise of this power of sale it seems to me that the estate of Louisa was divested of the property, and, Louisa having died before the testator's widow and before the conversion of the property into money, her heirs were entitled to the sixth part of her estate. It was evidently the intention of the testator, by the use of the words "to each of his said children or their heirs," that in case either of his children died before his wife the share of the child so dying should be paid to such child's heirs, and not to the estate of the child so dying; and thus, on the death of the testator's wife, each of the heirs of Louisa, the deceased child, was entitled to a proportionate part of the sixth which was to be paid to Louisa if she had outlived the widow. I therefore concur in reversing this judgment and dismissing the complaint.

I do not agree with my Brother HOTCHKISS that the statute of limitations was a bar. The property was held in trust by the executor of the testator, and was impressed with a trust in favor of these heirs. Louisa's husband had no interest in the property, and the act of the trustee in paying it to him did not release the property from the trust, but the defendant's testator held the property impressed with the trust in favor of his children, who were the heirs of Louisa. It seems to me clear that the executor of Jacob Miller's estate could be held to account to the heirs of Louisa for their share of the trust fund. The trustee paid to the defendant's testator these various sums of money in November, 1901, and January and February, 1902. This action was commenced in July, 1913. In Putnam v. Lincoln Safe Deposit Company, 191 N. Y. 166, 83 N. E. 789, it was said in the opinion, and what was said there I think applies to this case:

"Upon her death, the action became one for the recovery of trust properties, or their proceeds, which were in her possession, by those persons to whom Shoemaker's will had given the trust estate in that event. They had no right to its possession until that event occurred. Nor does it appear that they had any knowledge of the acts of Mrs. Putnam, in connection with the

trust estate, before the commencement of this action. Time could not run against them, until they could be charged with actual knowledge of the facts upon which their right depended. * * * But, in the next place, it is clear that Mrs. Putnam had assumed such an attitude towards the remaindermen, with regard to the trust estate, as to make the plea of the statute unavailable to the representatives of her estate. She never acted in hostility to the trust; but, to the contrary, had acknowledged its existence and validity. * * * She had so intermeddled with the possession, management, and disposition of the trust estate as to come under a like liability with the trustee, with respect to what she had taken into her own possession. Not having acted in hostility to, or in fraud of, the trust, she may be said to have constituted herself by her acts a trustee de son tort of the trust properties. * * * That is to say, there had been such a voluntary assumption of responsibilities by her with respect to the trust estate, or to a part thereof, as to estop her, and the representatives of her estate, from denying an equal and continuous accountability with the trustee, when called upon by those entitled to assert claims to the estate."

See, also, First National Bank v. National Broadway Bank, 156 N. Y. 459, 51 N. E. 398, 42 L. R. A. 139.

I think, also, that either one of the beneficiaries of this one-sixth interest in the trust fund could compel the defendant's testator to account for the trust property that he had received with notice of the trust; but I think the action had to be commenced either by the executor of Jacob Miller or by one of the heirs of his daughter Louisa, and that the representative of Louisa's estate had no interest in the share which was set apart for her benefit and to which she would have been entitled, had she survived the testator.

I concur, therefore, in the reversal of this judgment and the dismissal of the complaint.

SCOTT, J., concurs.