### BANK OF MONROE *vs.* KEELER & DURANT.

In suits upon creditors' bills the court uniformly directs the reference to a master of the county in which the defendant resides, to receive the assignment of his property and to take his examination, unless there are special circumstances in the case rendering a reference to a master in some other county necessary or proper.

The defendant in such a suit should not be compelled to attend before a distant master, for the purpose of assigning his property to the receiver and submitting to such examination as may be necessary, to ascertain what property is to be delivered up, and producing his books and papers.

The 191st rule was intended to relieve the defendant from the burden of making a disclosure of his property at his own costs, and from the expence of employing a solicitor for that purpose, where, by the operation of the injunction, he is deprived of the means of paying the solicitor for his services.

THIS was an appeal from a decision of the vice chancellor of the eighth circuit. The bill was filed against the appellants, Keeler and Durant, who resided in Albany, as judgment debtors, to obtain satisfaction of the complainants' judgment out of their property, which could not be reached by execution. The appellants having entered an appearance, gave a stipulation, in conformity to the 191st rule of the court of chancery, that an order might be entered to take the bill as confessed, and for a reference to appoint a receiver to take the defendants' examinations upon oath. Upon this stipulation the complainants' solicitor, who lived at Rochester, applied to the vice chancellor and obtained an order referring it to a master residing in Rochester to appoint a receiver ; and directing the appellants to appear before such master and assign their property to the receiver on oath, and to produce their books and papers and submit to such examination as the master should direct, &c. Under this order of reference, the appellants were summoned to attend before the master at Rochester, upon the appointment of the receiver, and to assign and deliver over their property to such receiver on oath, &c. When the summons was sent to the solicitor of the appellants, it was accompanied with a note from the solicitor of the adverse party, stating that he proposed to receive the affidavit of the defendants as to any other bill pending against them, and also to receive their affidavit as to their property, and in case he should be dissatisfied with the disclosures thus made, to have their further examination before some master in Albany. The solicitor for the appellants declined this arrangement, as it would subject his clients to great inconvenience and expense, and require their attendance at Rochester. And he thereupon applied to the vice chancellor to change the reference to a master at Albany, which motion was denied with costs.

*Otis Allen*, for the appellants.

*J. Rhoades*, for the respondents.

THE CHANCELLOR. There is no doubt that the complainants' solicitor acted in perfect good faith in obtaining this order, and without any intention of subjecting these defendants to unnecessary expense. But both he and the vice chancellor appear to have misapprehended the intention of the 191st rule of this court. The settled practice of this court, in these creditors' bills, is not to compel the defendants, whose property is all placed beyond his control by the injunction, to attend a great distance from home, and on expense, for the purpose of assigning his property to the receiver and submitting to such examination as may be necessary to ascertain what property is to be delivered up, and to produce his books and papers. And for that reason the court uniformly directs the reference to a master near the residence of the defendants, unless there are some special circumstances in the case rendering a reference to a master in some other connty necessary or proper. But, in addition to this, the object of the 191st rule was to save the defendant the expense of making a disclosure of his property at his own costs, and of employing a solicitor for that purpose, while by the operation of the injunction he had no means of paying such solicitor for his services. And if the defendant is compelled to employ a solicitor to draw affidavits, to be sent to a master at a distance, containing a statement of his property and other matters required of him under the usual order of reference, as a substitute for an answer, or for a personal examination before the master at the expense of the complainant, he will lose the whole benefit intended to be secured to him by that rule. The proposition of the solicitor for the complainants in this case, therefore, was not equally beneficial to the appellants as an order of reference in the usual form, referring it to a master at the place of their residence. For they would, under that stipulation, have been compelled to employ and pay a solicitor to prepare their statement on oath in relation to the matters contained in the bill, and to attend before the master to assign and deliver over their property and books and papers, under his direction. At

least there was no proposition that the receiver should attend at Albany to receive the assignment, &c., instead of compelling the defendants to attend before the master for the purpose of taking his directions as to the execution of the assignment and the delivery of the property. Instead of denying the motion therefore, the order should have been modified by directing the reference to a master in the county where the appellants resided ; or by striking out that part of the order which required the defendants to attend before the master for any purpose, and authorizing them to execute such an assignment as should be settled by the master, and deliver it to the agent to be appointed by the receiver at Albany to receive the same and to take the delivery of the assigned property.

The order appealed from must be modified accordingly. But under the circumstances of this case neither party is to have costs as against the other, either on this appeal or upon the application to the vice chancellor.

*Proceedings remitted to vice chancellor.*