ALBERT BENNETT, RESPONDENT, *v.* GEORGE S. WEAVER, APPELLANT.

*Jurisdiction of a justice, over a non-resident defendant, under section 2869 of the Code of Civil Procedure.*

Section 2869 of the Code of Civil Procedure declares that " an action must be brought before a justice of a town or city wherein one of the parties resides, or a justice of an adjoining town or city in the same county, except in one of the following cases: * * * Where the defendant is a non-resident of the county it *may* be brought before a justice of the town or city in which he is at the time of the commencement of the action."

*Held,* that this exception in no way restricts or diminishes the jurisdiction of a justice over an action where one of the parties resides in the same or an adjoining town with him, but enlarges it by extending it to an additional case; and that there can be no doubt that where an action is brought before a justice of the town where one of the parties resides he has jurisdiction, even though the defendant be a non-resident and be in another town in the same county when the action is commenced.

APPEAL from a judgment of the Broome County Court entered on February 17, 1888, affirming a judgment of a justice of the peace, in favor of the plaintiff.

The plaintiff and the justice, before whom this action was brought, both resided in the town of Triangle, in the county of

Broome. The defendant was a non-resident of that county, The summons was served upon the defendant in the town of Barker, a town in the county of Broome adjoining that in which the plaintiff and justice resided.

*Charles Clinton*, for the appellant.

*W. D. Edmister*, for the respondent.

MARTIN, J.:

The statute, applicable to the question involved in this appeal, declares that "an action must be brought before a justice of a town or city wherein one of the parties resides, or a justice of an adjoining town or city in the same county, except  *  *  *  where the defendant is a non-resident of the county, it *may* be brought before a justice of the town or city in which he is at the time of the commencement of the action." (Code Civil Pro., § 2869.) The question is, whether under this statute a justice acquires jurisdiction in an action against a non-resident defendant, where the action is brought before a justice of the town where the plaintiff resides, and not in the town in which the defendant is when the action was commenced.

The first provision of the statute is one of limitation only. It limits the jurisdiction of a justice to an action where one of the parties resides in the same town with him or in an adjoining town. The exception to this limitation is that where the defendant is a non-resident the action may be brought in the town where he is at the time. The contention that this exception restricts the jurisdiction of a justice to the case therein mentioned cannot be sustained. It in no way restricts or diminishes his jurisdiction, but, on the contrary, it narrows the limitation of his jurisdiction, and thus enlarges it by extending it to an additional case. The statute contains no provision giving exclusive jurisdiction to a justice of the town where the defendant may be when the action is commenced, nor does the language employed justify such a construction. The statute is plain, and there can, we think, be no doubt but that when an action is brought before a justice of the town where one of the parties resides he has jurisdiction, even though the defendant be a non-resident and in another town in the same county when the action is commenced.

We are of the opinion that the decision of the learned county judge was right, and that the judgment appealed from should be affirmed, with costs.

HARDIN, P. J., concurred; FOLLETT, J., not voting.

Judgment of the County Court of Broome county affirmed, with costs.