WILLIAM M. PECK, RESPONDENT, v. ALVA M. BALDWIN, APPELLANT.

*Supplementary proceedings — the order for the examination of the debtor must be made returnable before one of the officers mentioned in section 2434 of the Code of Civil Procedure.*

In supplementary proceedings, instituted before a justice of the Supreme Court upon a judgment recovered in that court, where the execution has been issued out of the Supreme Court, the order for the examination of the judgment-debtor must be made returnable before a justice of the Supreme Court residing in the judicial district embracing the county to which the execution has been issued, or before the county judge, or a special county judge, or special surrogate of that county, or of an adjoining county.

The provisions of section 2434 of the Code of Civil Procedure, in this respect, are applicable to a proceeding instituted before a justice of the Supreme Court, where the execution has been issued out of that court, and are not confined in their operation to proceedings instituted before such a justice where an execution has been issued out of another court. (HARDIN, P. J., dissenting.)

APPEAL by the defendant Alva M. Baldwin from an order made at a Special Term of the Supreme Court, held at the village of Watkins, in the county of Schuyler, on the 17th day of June, 1890, and entered in the Tompkins county clerk's office on the 7th day of July, 1890, which order denied a motion to set aside the order in supplementary proceedings, and the order appointing a receiver, theretofore granted in the action.

The judgment against the defendant upon which these proceedings were based was in the Supreme Court, and was entered in the office of the clerk of Tompkins county of which county the defendant was a resident. Execution was issued upon such judgment to the sheriff of that county and no other. Upon the return of the execution unsatisfied, the respondent applied to Hon. GEORGE N. KENNEDY, a justice of the Supreme Court, residing in the fifth judicial district, for an order in supplementary proceedings to examine the defendant as such judgment-debtor. The order was granted, but contained no provision making it returnable before a justice of the Supreme Court residing in the sixth judicial district, or the county judge or special county judge or special surrogate of Tompkins county, or of any adjoining county. The county of Tompkins is embraced within the sixth judicial district.

A referee was appointed by such order to examine the appellant. Upon the hearing before the referee the appellant objected to the proceedings on the ground that they did not require the subsequent proceedings to be had before a justice of the Supreme Court in the district in which the appellant resided. Subsequently an application was made before Judge KENNEDY for the appointment of a receiver, upon which application the appellant appeared and objected to the granting of such order upon the ground that the order for an examination of the defendant was irregular, in that it was granted by a justice of the Supreme Court of the fifth judicial district, while the defendant resided in the sixth, and the order required the subsequent proceedings to be had before a justice of the fifth judicial district, when it should have required them to have been had before a justice of the sixth judicial district, where the defendant resided. These objections were overruled, and Mr. Justice KENNEDY made an order appointing a receiver of the defendant's property.

From that order an appeal was taken to the General Term, where the appeal was dismissed on the ground that an appeal could not be taken to the General Term from such an order, that the appellant's remedy was by motion at Special Term to vacate the same. Subsequently the appellant made a motion at the Schuyler Special Term to vacate the orders referred to, which motion was denied, and from the order denying that motion this appeal was taken.

*M. N. Tompkins*, for the appellant.

*Ceylon H. Lewis*, for the respondent.

MARTIN, J.:

Section 2434 of the Code of Civil Procedure, so far as it is applicable to the question involved on this appeal, in effect provides that either of the special proceedings mentioned in section 2432 may be instituted before a judge of the court out of which the execution issued, which includes a justice of the Supreme Court, where the execution was issued out of that court. (*Baldwin* v. *Perry*, 25 Hun, 72.) It then provides that where the execution is issued out of a court other than the Supreme Court, and the judges thereof are absent or disqualified, such special proceedings may be instituted before a justice of the Supreme Court.

Then follows this provision : " In that case if he does not reside within the judicial district embracing the county to which the execution was issued, the order made * * * by him must be returnable to a justice of the Supreme Court residing in that district, or the county judge or the special county judge or special surrogate of that or an adjoining county, as directed in the order."

The question presented is, whether the provisions contained in the last sentence of that section are applicable to a proceeding instituted before a justice of the Supreme Court where the execution has been issued out of that court, or whether it is confined in its operation to proceedings instituted before such a justice where an execution has been issued out of another court. An exact and literal reading of the section might, perhaps, seem to indicate that this provision was limited in its application to the latter case, but was such the intent of the legislature ?

It is one of the rules of construction applicable to statutes that the intent of the legislature is to be sought for, and when discovered is to prevail over the literal meaning of the words of any part of a law. This intent is to be found not only by considering the words of any part, but by ascertaining the general purposes of the whole. The exact and literal wording of an act may sometimes be rejected if, upon a survey of the whole act and the purpose to be accomplished, or the wrong to be remedied, it is plain that such exact and literal rendering of the words would not carry out the legislative intent. (*People ex rel. Jackson* v. *Potter*, 47 N. Y., 375 ; *Bell* v. *Mayor, etc.*, 105 id., 144 ; *Delafield* v. *Brady*, 108 id., 529 ; *People ex rel. Killeen* v. *Angle*, 109 id., 568.)

In seeking the intent of the legislature in passing this statute we are led to inquire what object or purpose was to be accomplished or what wrong was to be remedied by its enactment. A history of the legislation upon this subject discloses that anterior to the amendment of section 292 of the Code of Procedure, which was passed in 1867, there was no express provision requiring an order in supplementary proceedings, made by a justice of the Supreme Court, to direct the subsequent proceedings to be had before a justice of the district where the judgment-debtor resided or had a place of business. At that time, however, as now, the examination of the debtor was required to be had in the county where he resided. That was so

before the Code of Procedure (*Bank of Monroe* v. *Keeler*, 9 Paige, 249), and also under the Code of Procedure, except during the years 1849 and 1850. But in 1867 the Code was amended by requiring the proceedings subsequent to the order for the examination of a judgment-debtor to be had in the judicial district where he resided.

The manifest purpose of this amendment was to prevent the judgment-creditor from compelling the debtor to attend the subsequent proceedings in a portion of the State remote from his residence or not appear. This was both reasonable and just. It certainly is unjust, and in many cases would be oppressive to compel a judgment-debtor to attend such proceedings at a place distant from his residence or place of business while, enjoined from using any money or property, he may have to pay his expenses or to pay an attorney for his services in appearing for him. The object and purpose of this amendment was to provide a remedy against such a course of procedure.

The law, as thus amended, remained in force until after the Code of Civil Procedure went into operation. Section 2434 of the Code of Civil Procedure was intended as a re-enactment of that portion of section 292 of the Code of Procedure which designated the judge before whom these proceedings might be instituted and continued, and which provided that where an order was made by a justice of the Supreme Court, all subsequent proceedings should be had before some justice in the judicial district where the judgment-debtor resided. (See Senate Committee's note to § 2434, and Mr. Throop's note to same section.) In the latter it is stated that this section is taken from section 292 and amended as required by sections 2432 and 2433 of the Code of Civil Procedure, and also as required by section 7 of chapter 545, Laws of 1874, relating to the Marine Court of the city of New York. It is then added: " The words ' where the judgment-debtor resides ' have been omitted in the third sentence and the clause has been inserted in the fourth sentence, applying the corresponding provision to a case where the justice of the Supreme Court resides in a district other than that to which the execution was issued; because, in certain cases, the execution may issue to the county where the judgment-debtor has an office, and if he is a non-resident, the words expunged are meaningless." It is quite apparent that the commissioners who

drafted the Code of Civil Procedure did not intend to change the provision of section 292 of the Code of Procedure in relation to proceedings instituted before a justice of the Supreme Court, except to expunge the words "where the judgment-debtor resides," and insert in lieu thereof the words "embracing the county to which the execution was issued." This was the only change mentioned, and I think the only change intended.

I cannot think that it was the intent, either of the commissioners or of the legislature, to repeal this salutary provision entirely or in part. All admit that it was not intended that it should be wholly repealed. Why, then, should it have been re-enacted in part only? Can any good reason be assigned or suggested why the legislature should have purposely repealed this provision so far as applicable to an action in the Supreme Court, and re-enacted it as to an action in any other court? I can imagine none. Surely not because it would be less inconvenient or burdensome to the debtor in one case than the other, as it is manifest that such would not be the case. If no sufficient reason can be found for such a distinction, then it is at least fair to presume that the legislature did not intend to create it, unless the language employed is so clear and unambiguous as to show conclusively that such was the intent.

I do not think the language employed requires any such construction. It seems to me that the words "in that case" may well be construed as referring to a proceeding instituted before a justice of the Supreme Court, unlimited to a case where an execution was issued out of a court other than that. If it was limited to a case in a court other than the Supreme Court, then the provision that it might be returnable before the county judge, or special county judge or special surrogate of that county would seem to be inconsistent with the condition which must exist to authorize the justice to make the order. It is only when each of the judges before whom the proceeding might be instituted is absent or disqualified that a justice of the Supreme Court can make the order, and if that is the only case where he must make the subsequent proceedings returnable before another judge, it would be idle, if not absurd, to provide that he might make the proceeding returnable before a class of officers who were unable to act.

It seems to me that the obvious purpose of both the commissioners

and the legislature was to re-enact the provisions of section 292 of the Code of Procedure in relation to an order made by a justice of the Supreme Court, and to provide that in all cases where the order is made by such a justice, the subsequent proceedings must be had in the judicial district embracing the county to which the execution was issued, or in that county or an adjoining one, if before the other officers mentioned. I am also of the opinion that that section may be construed so as to carry out that purpose and intention without doing violence to the language employed.

Thus far I have discussed this question without reference to the authorities bearing upon it. In *Browning* v. *Hayes* (41 Hun, 382), this question was before the General Term of the second department, and that court held that where an order was made by a justice of the Supreme Court to examine a judgment-debtor residing in another judicial district, the order must be made returnable before a justice of that district, although the execution was issued out of the Supreme Court. In deciding that case, it was held that the words "in that case," in section 2434, did not alone refer to orders made for inferior judges, but were intended to embrace all orders made before a justice of the Supreme Court. This case was cited with approval in *Merrill* v. *Allin* (46 Hun, 626), and the same doctrine is laid down in 3 Rumsey's Practice, 435, and Fiero on Special Proceedings, 514. Here, then, we have a decision of the General Term of one of the departments of the State upon the question involved in this case. That case has been so far approved by the General Term of another department as to be cited by it. This construction of that section has also been accepted by the authors of the recent text books on the subject, and the rule as stated has been laid down as the true rule governing the practice in such a case. It seems to me that the uniformity in the decisions of the several departments which should prevail, and the impropriety of unsettling the practice upon this question, requires us to follow the principle of the decision in the *Browning Case*.

It is true that Judge VANN, at Special Term, held otherwise (*Blanchard* v. *Reilley*, 11 Civ. Pro. Rep., 279), but that was evidently before the case of *Browning* v. *Hayes* was reported. Moreover, it seems to me that the construction placed upon this statute by the

Special Term in that case, as well as in the case at bar, was too exact and literal and did not express the full intent and purpose of this statute.

I am of the opinion that the Special Term erred in denying the defendant's motion to set aside the orders granted by Judge KENNEDY, and that for such error the order should be reversed, with ten dollars costs, and that the appellant's motion should be granted, without costs.

MERWIN, J., concurred.

HARDIN, P. J. (dissenting):

*Pardee* v. *Tilton* (20 Hun, 76; S. C., affirmed, 83 N. Y., 623) expressly held, that under section 292 of the Code of Procedure, it was irregular for a justice of this court to issue an order for the examination of a judgment-debtor in a county outside of the district wherein the judge resided, in which there was no provision "requiring the evidence and proceedings had before the referee" to be returned to the justice making the order. In delivering the opinion in that case, quotation was made from section 292 of the Code of Procedure, as follows: "All subsequent proceedings shall be had before some justice in the judicial department where the judgment-debtor resides, to be specified in the order." Following that quotation, the opinion continues: "The direction should, therefore, have been that the referee report the testimony and proceedings to the justice designated in the order before whom the subsequent proceedings were to be had, and not to the justice who made the order." *Pardee* v. *Tilton* was decided at a General Term in the first department in January, 1880.

In *Shults* v. *Andrews* (54 How., 376), decided at a Special Term held by me, the provision of section 292, already quoted, came under consideration, and it was there said in the opinion: "This clause contains a limitation in respect to the jurisdiction of justices who grant such orders. * * * But debtors are not required to appear in subsequent proceedings before a justice residing out of the judicial district in which the debtor resides. The right to order him to appear in subsequent proceedings out of the district is taken away. The provision also requires the order to specify some "justice in the judicial district where the judgment-debtor resides." Such

specification is imposed by the statute." The provision in section 292 of the Code of Procedure, to which we have already referred, is omitted from section 2434 of the Code of Civil Procedure, and the latter section provides that "either special proceeding may be instituted before a judge of the court out of which * * * the execution was issued." This language is broad and confers in terms upon the judges of the court out of which the execution issued, power and jurisdiction over special proceedings instituted before them in cases where the execution was issued out of the court in which they are judges. Following this general language is a provision for a class of cases "where the execution was issued out of a court other than the Supreme Court;" and after enumerating the class and providing for certain facts being shown by an affidavit, it is provided that if the facts enumerated in the section are thus shown, "the special proceeding may be instituted before a justice of the Supreme Court." Then follow the words: "In that case, if he does not reside within the judicial district, embracing the county to which the execution was issued, the order made or warrants issued by him must be returnable to a justice of the Supreme Court residing in that district, or the county judge or the special county judge or special surrogate of that or an adjoining county, as directed in the order or warrant." We think the words "in that case" refer only to the words found in the second provision of the statute, conferring power upon justices of the Supreme Court in the exceptional cases enumerated, to wit: Where the execution was issued out of a court other than the Supreme Court. And it is made to appear by affidavit "that each of the judges before whom the special proceeding might be instituted, as prescribed in this section, is absent from the county, or, for any reason, unable or disqualified to act." Such is the interpretation placed upon the section by VANN, J., in *Blanchard* v. *Reilly* (11 Civ. Pro. R., 278), and the views expressed in that opinion meet with our approval.

In delivering the opinion in *Browning* v. *Hayes* (11 Civ. Pro. Rep., 223 ; S. C., 41 Hun, 382), BARNARD, P. J., observed: "Section 2434 of the Code of Civil Procedure is not very plain. It can be gathered therefrom, by a very strict reading, that it is only in cases where a Supreme Court justice makes the order in place of other inferior judges, that a provision must be inserted making

the order returnable before a Supreme Court justice or other local magistrate of the judicial district where the order is to be executed." We prefer this portion of the opinion as a correct interpretation of the section to the general expressions used by him in the latter part of his opinion, in which he reaches a contrary interpretation of the section under consideration. In a note to that case it appears that Mr. Justice BARTLETT entertained and expressed substantially the same views as are found in the opinion of VANN, J., in *Blanchard* v. *Reilly* (*supra*), and that result seems to be approved by KENNEDY, J., and SMITH, J., the first of whom made the order in question, and the second approved of the same, as appears by his memorandum delivered at the Schuyler Special Term found in the appeal-book before us.

*Merrill* v. *Allin* (46 Hun, 623) does not aid the contention of the appellant; in that case the judgment was recovered in the Court of Common Pleas in the city and county of New York, and an execution was issued thereon to the sheriff of that county, that being the county where the judgment-debtor resided; and subsequently a transcript of the judgment was filed in Ontario county, and an execution was issued to that county; and it was alleged that certain parties held property of the judgment-debtor, and upon an affidavit to that effect application was made to the county judge of Ontario county; and it was finally held in that case that the county judge had not jurisdiction to entertain the proceedings.

We are of the opinion that the order appealed from should be affirmed.

Order reversed, with ten dollars costs and disbursements, and motion granted, without costs.