HEAD'S IRON FOUNDRY, Respondent, *v.* SMITH SANDERS, Appellant.

*Territorial jurisdiction of a justice of the peace — statutes, how construed — Code of Civil Procedure, § 2869 — chapter 74 of 1893.*

The first four subdivisions of section 2869 of the Code of Civil Procedure, as amended by chapter 74 of the Laws of 1893, relating to special cases, operate to enlarge the jurisdiction of a justice of the peace, and are not dependent upon the limitations stated in the first or main clause of that section.

Subdivision 5 thereof operates to diminish the jurisdiction of the justice as given in the main clause, and it is in form only applicable as an exception to the cases covered by the main clause and does not affect or limit the positive, independent and additional powers given in the other subdivisions.

An action must be brought before a justice of the peace of a town or city wherein one of the parties resides, or a justice of an adjoining town or city in the same county, except that in any town adjoining an incorporated city no justice of such town has jurisdiction of any action brought by or against a resident of such adjoining city, unless at least one of the parties to the action is a resident of such town.

In the construction of a statute the intention of the Legislature is the main thing to be considered, and a construction which leads to a reasonable and consistent result is to be preferred, for it is not to be presumed that an absurdity or contradiction is intended. The probable object in the changing of the law is to be considered.

APPEAL by the defendant, Smith Sanders, from a judgment of the County Court of Oneida county in favor of the plaintiff, entered in the office of the clerk of the county of Oneida on the 21st day of December, 1893, upon the decision of the court, affirming a judgment of a justice of the peace of the town of Whitestown, county of Oneida, with notice of an intention to bring up for review on such appeal the said judgment, the order of affirmance on which it was entered, the opinion of the County Court and the rulings made against the appellant from the commencement of the action.

The action was brought before a justice of the peace of the town of Whitestown in the county of Oneida, and the summons was served on the defendant within that town on the 22d day of April, 1893. The complaint was for goods sold and delivered and was verified. Upon the return day of the summons the defendant appeared specially and objected to the jurisdiction of the justice on the ground that the plaintiff was a resident of the city of Utica,

which adjoined the town of Whitestown, and that the defendant was a resident of the town of St. Johnsville in Montgomery county. An affidavit was presented showing the residence of defendant as stated, and a certified copy of the articles of association of the plaintiff showing its principal business office to be in the city of Utica. The objection was overruled and judgment was entered on the verified complaint.

*Frank B. Towman*, for the appellant.

*L. N. Southworth*, for the respondent.

MERWIN, J. :

The controversy upon this appeal is over the construction of section 2869 of the Code of Civil Procedure, as amended by chapter 74 of the Laws of 1893. That section is as follows :

" § 2869. An action must be brought before a justice of a town or city wherein one of the parties resides, or a justice of an adjoining town or city in the same county, except in one of the following cases :

" 1. Where the defendant has absconded from his residence, it may be brought before a justice of the town or city in which the defendant, or a portion of his property, is at the time of the commencement of the action.

" 2. Where the plaintiff is not a resident of the county, or if there are two or more plaintiffs, where all are non-residents thereof, it may be brought before a justice of the town or city in which the plaintiff, or either of the plaintiffs, or his attorney, is at the time of the commencement of the action.

" 3. Where the defendant is a non-resident of the county, it may be brought before a justice of the town or city in which he is at the time of the commencement of the action.

" 4. Where it is specially prescribed by law that a particular action may be brought before a justice of the town, city, county or district where an offense was committed, or where property is found. A defendant designated in section two thousand eight hundred and seventy-nine, section two thousand eight hundred and eighty or section two thousand eight hundred and eighty-one of this act is

deemed for the purposes of this section a resident of the town or city where the person, to whom a copy of the summons is delivered, resides.

"5. In any town adjoining an incorporated city, no justice of such town shall have jurisdiction of any action brought by or against a resident of such adjoining city, unless at least one of the parties to the action is a resident of such town."

The amendment of 1893 consisted in the addition of subdivision 5. Before that was added, the justice in a case like the present had jurisdiction under subdivision 3. The question is whether subdivision 5 operates to limit the effect of subdivision 3. The defendant claims that it does, while the plaintiff claims that it only operates to limit the first clause or body of the section, and leaves unimpaired the other four subdivisions as granting additional jurisdiction in certain special cases.

The first four subdivisions operate to enlarge the jurisdiction of the justice. (*Bennett* v. *Weaver*, 50 Hun, 111.) They are not dependent upon the limitations stated in the first or main clause. They relate to special cases. On the other hand, subdivision 5 operates to diminish the jurisdiction of the justice as given in the main clause. It is, in form at least, only applicable as an exception to the cases covered by the main clause. Reading them together, as they should be, it is provided that an action must be brought before a justice of a town or city wherein one of the parties resides, or a justice of an adjoining town or city in the same county, except that in any town adjoining an incorporated city no justice of such town shall have jurisdiction of any action brought by or against a resident of such adjoining city unless at least one of the parties to the action is a resident of such town. Read in this way, subdivision 5 does not affect or limit the positive, independent additional powers given in the other subdivisions.

It may be said that if the Legislature had intended that subdivision 5 should control the other subdivisions, it would have been so stated. It stands now only as an exception to the main clause and not as an exception to the other exceptions.

The object apparently of the amendment of 1893 was to prevent the oppressive exercise of the jurisdiction of justices of adjoining towns as against or in favor of residents of cities. In such cases

there might, perhaps, exist improper practices, but that reason for the act would hardly be applicable to the matters covered by the other subdivisions. In fact its application to those subdivisions would lead to results somewhat absurd. By subdivision 2, a non-resident plaintiff could, before the amendment, bring his action anywhere in the county of defendant's residence. (*Bird* v. *Crane*, 26 Hun, 531.) There is no reason for saying that he cannot bring it against a resident of a city in any town adjoining the city, and still the right be given him to bring his action in any other place in the county, whether near or distant. So, if the defendant is a non-resident, there is no reason for saying that he cannot be sued before any justice of an adjoining town, and still the right be given to sue him anywhere else in the county. So, of an absconding defendant under subdivision 1. Subdivision 4 refers to special cases under other provisions of law. It cannot be assumed that these were designed to be interfered with.

The intent of the Legislature is the main thing. (*Peck* v. *Baldwin*, 58 Hun, 310, and cases cited.) A construction that leads to a reasonable and consistent result is to be preferred. In Potter's Dwarris, 208, it is said that "where the meaning is ambiguous, where the clauses are confused and contradictory, and the words such as admit of two senses, the court will adopt that construction which will best carry the just and reasonable intention of the Legislature into effect." It is not to be presumed that an absurdity or contration was intended. (*People ex rel. West. F. I. Co.* v. *Davenport*, 91 N. Y. 585; Smith on Stat. Const. § 518.) The probable object in a change of the law is to be considered.

By the first clause of the section under consideration a general rule is laid down as to the jurisdiction of a justice. Other cases beyond the scope of this general rule are provided for or referred to in the first four additional clauses. In the fifth clause or subdivision there is a limitation or exception to the general rule, and the more natural meaning of the whole section, constructed as it is, is that this exception applies only to the cases covered by the general rule, or to the cases that otherwise would be included in the general rule. This would accomplish the probable object of the amendment and would not lead to absurdities or inconsistencies, but would leave in full force the positive provisions of the other sub-

divisions. It should, therefore, I think, be said that the amendment of 1893 did not impair the force of subdivision 3. These views lead to the conclusion that the justice had jurisdiction, and that the judgment should, therefore, be affirmed.

MARTIN, J., concurred; HARDIN, P. J., not voting.

Judgment affirmed, with costs.