THOMAS SLAVIN and Another, Appellants, *v.* WILLIAM K. MANSFIELD, Respondent.

*Jurisdiction of a Justice's Court — Code of Civil Procedure, § 2869, subd. 3.*

Subdivision 3 of section 2869 of the Code of Civil Procedure is not a restriction or a limitation upon the jurisdiction of a justice of the peace, but is a grant of jurisdiction in addition to that given by the first part of the section; nor does it require that a non-resident be sued in the Justice's Court of the town in which he is at the time the process is served upon him, the provision being permissive and not compulsory.

A person may be sued in the Justice's Court of a town, although the plaintiff does not live either in that town or in an adjoining one.

A party has the right to bring an action in a Justice's Court of the town adjoining the one in which he resides against any person found within the county.

APPEAL by the plaintiffs, Thomas Slavin and another, from a judgment of the County Court of Albany county in favor of the defendant, entered in the office of the clerk of the county of Albany on the 12th day of January, 1894, upon a decision of the court, reversing the judgment of a justice of the peace of the town of Watervliet.

*Henry J. McCormick*, for the appellants.

*P. D. Niver*, for the respondent.

HERRICK, J.:

The plaintiffs reside in the city of Cohoes; the defendant resides in the county of Saratoga; the action was brought in the Justice's Court in the town of Watervliet, which adjoins the city of Cohoes.

The defendant was served with a summons in the city of Cohoes. The judgment was rendered in favor of the plaintiffs and against the defendant for the sum of thirty-eight dollars and twenty-nine cents damages and three dollars and eighty-five cents costs.

The defendant appealed to the County Court of Albany county; the County Court reversed the judgment of the Justice's Court upon the ground that such court had no jurisdiction over the defendant. This I think was error. Section 2869 of the Code of Civil Procedure provides that "An action must be brought before a

justice of a town or city wherein one of the parties resides, or a justice of an adjoining town or city in the same county, except in one of the following cases : Sub. 3. ' Where the defendant is a nonresident of the county it may be brought before a justice of the town or city in which he is at the time of the commencement of the action.' "

Subdivision 3 of section 2869 is not a restriction or a limitation of the jurisdiction of the justice, but is an addition to the jurisdiction given by the first part of the section. (*Bennett* v. *Weaver*, 50 Hun, 111.)

The plaintiffs brought their action in the town adjoining the one in which they resided ; they had the right to bring into such court any person over whom the court had jurisdiction. It had jurisdiction over the defendant, he being found in the county, unless there is something in the statute depriving him of jurisdiction.

Subdivision 3 of the section referred to is not a provision that a non-resident must be sued in the court in the town in which he is at the time the process is served upon him ; the provision is permissive, not compulsory ; he may be sued in such town, although the plaintiff does not live there nor in the adjoining town.

The Justice's Court, therefore, had jurisdiction over the defendant, and the judgment of the County Court should be reversed and that of the Justice's Court affirmed, with costs of this appeal and of the appeal to the County Court.

MAYHAM, P. J., and PUTNAM, J., concurred.

Judgment of County Court reversed and that of the Justice's Court affirmed, with costs and disbursements of this appeal and of the appeal to the County Court.