### WEBB v. HECOX et al.

(Madison County Court. April, 1899.)

1. JUSTICES OF THE PEACE—VENUE—PARTIES—RESIDENCE.
   Code Civ. Proc. § 2869, subd. 2, requiring an action before a justice to be brought in the town of defendant's residence, or one adjoining thereto, where plaintiff is not a resident of the county, applies only to a case where defendant is a resident of the county.

2. .SAME.
   Code Civ. Proc. § 2869, subd. 3, providing that, where defendant is nonresident of the county, action may be brought before a justice of the town where defendant is at the time, is not compulsory, but permissive only, and in addition to the jurisdiction conferred in the first part of the section requiring action to be brought in the town of one of the parties' residence or a town adjoining thereto.

3. REPLEVIN—BOND—JUSTIFICATION OF SURETIES.
   Though Code Civ. Proc. §§ 2924, 2926, require sureties on a replevin bond, if excepted to, to justify, their failure to do so is not ground for reversal, where they attend, and are ready to justify, but defendant's counsel does not request it, and the trial proceeds on the merits without objection to the failure to justify.

4. SAME—JUDGMENT—COSTS—PROCESS—AGENCY.
   Under Code Civ. Proc. § 1700, requiring the constable in replevin to serve on defendant or his agent from whom the possession is taken a copy of the affidavit, requisition, and undertaking, a judgment for costs is void against a defendant not so served, where the constable's return does not show that the person in whose possession the property was found was such defendant's agent.

5. APPEAL—HARMLESS ERROR.
   Though a judgment in replevin that plaintiff recover possession of the property, or stated damages in case delivery cannot be had, be improper in form, plaintiff already having possession, yet since the judgment for money cannot be enforced, the appellate court will not correct it, as it is authorized by Code Civ. Proc. § 3063, to do.

Appeal from justice court.

Replevin by Reuben H. Webb against Bertha Hecox and another. There was a judgment for plaintiff, and defendants appeal. Reversed in part.

M. E. Milliken, for appellants.

D. L. Atkyns, for respondent.

SMITH, J. This is an appeal from a judgment rendered in justice's court in the town of Georgetown, this county. The action was brought to recover the possession of a certain horse which the plaintiff claims the defendants wrongfully took and detained. All the parties were residents of the county of Chenango. It appears by the officer's return that the summons, affidavit, requisition, and undertaking were served on the defendant Eugene Hecox in the town of Hamilton, this county, and also on William J. Henry, the person in whose possession the property was found, but that no service was made on the defendant Bertha Hecox, as she could not be found in this county. The defendants served exceptions to the sureties to the undertaking given by the plaintiff, and the officer delivered the property replevied over to the plaintiff. On the return day the dedefendants appeared by counsel specially before the justice, and

objected to the jurisdiction of the court upon various grounds, among which were the following: That the action was not brought in the town in which either of the parties reside, or in an adjoining town, and that the plaintiff was not in the town in which the action was brought at the time it was commenced. The objections were over-ruled, whereupon the counsel for the defendants withdrew, and the defendants made no other appearance in the action. Thereupon the plaintiff proceeded to prove the cause of action alleged in the complaint. From the evidence it appears that the defendant Eugene Hecox, without right, took the horse from the plaintiff's possession; and I think the evidence sufficient to warrant judgment in plaintiff's favor for its possession. On the return of the summons, and in the presence of the defendants' counsel, the plaintiff in open court presented the sureties to the undertaking, and offered them for examination as to their sufficiency. The defendants' counsel remained silent, did not examine, or offer to examine, the sureties, and they did not then justify. At the time of the execution of the undertaking they justified in the usual way, and the undertaking was executed in due form, and approved by the justice. After hearing the plaintiff's evidence, the justice rendered judgment as follows: "That the plaintiff recover of the defendants the possession of the property, or the sum of $100 in case a delivery cannot be had, together with $12 costs,"—from which the defendants appealed to this court.

It is contended by the defendants that the justice acquired no jurisdiction, for the reason that the action was not brought in the town where one of the parties reside, or in an adjoining town. Subdivision 2 of section 2869 of the Code of Civil Procedure provides that, where the plaintiff is not a resident of the county, the action must be brought in the town where the defendant resides, or in an adjoining town thereto. This subdivision applies to an action brought by a nonresident plaintiff against a resident defendant, and has no application to this case, for the reason the defendants were nonresidents. Subdivision 3 of the same section provides that:

"Where the defendant is a non-resident of the county, it may be brought before a justice of the town or city, in which he is at the time of the commencement of the action."

The defendants contend that this action was brought in violation of this subdivision, for the reason the summons was issued from the town of Georgetown, where neither of the defendants were at the time, and it was served on the defendant Eugene Hecox in the town of Hamilton, a town not adjoining the town of Georgetown; and that therefore the court did not acquire jurisdiction over him. The defendants are wrong in their contention. It has been held that the first four subdivisions of the section in question, as amended by chapter 74 of the Laws of 1893, relating to special cases, operate to enlarge the jurisdiction of a justice of the peace, and are not dependent upon the limitations stated in the first clause of that section. Bennett v. Weaver, 50 Hun, 111, 3 N. Y. Supp. 776; Foundry v. Sanders, 77 Hun, 432, 28 N. Y. Supp. 808. Subdivision 3 of the section referred to is not a provision that a nonresident must be sued in the court in the town in which he is at the time the process is served

upon him. The provision is permissive, not compulsory. He may
be sued in such town, although the plaintiff does not live there, nor
in the adjoining town. Such subdivision is not a restriction or a
limitation of the jurisdiction of the justice, but is an addition to the
jurisdiction given by the first part of the section. Slavin v. Mans-
field, 77 Hun, 535, 28 N. Y. Supp. 921. Section 2919 of the Code of
Civil Procedure was intended to, and does, control the question. It
provides that an action to recover a chattel can be brought before a
justice of the peace of the county in which the chattel is found, sub-
ject to certain qualifications not material to the question here under
consideration. There, therefore, can be no doubt but that the action
was properly brought in the town of Georgetown.

It is further contended by the defendants that, having excepted
to the sureties, it was incumbent upon the plaintiff to see that they
justified on the return of the summons, and that their omission so
to do affected a substantial right, for which the judgment should be
reversed. By section 2924 of the Code of Civil Procedure it is pro-
vided that, if the defendant serves a written notice excepting to the
sureties, as in that section provided, the sureties must justify upon
the return of the summons, or the plaintiff must give a new under-
taking; and by section 2926 such justification relieves the constable
from further liability. Section 2924 of the present Code is substan-
tially the same as section 210 of the former Code. Under section 210
of the former Code it was held that, where sureties had been ac-
cepted, it was no defense to an action against them that they failed
to justify, and that an action commenced on the undertaking is
a waiver of the exception. Decker v. Anderson, 39 Barb. 346. Un-
der this decision, as well as from the section of the Code of Civil
Procedure, there is no doubt of the liability of the sureties to the
plaintiff's bond, notwithstanding their omission to justify on being
excepted to. The undertaking was accepted by the justice, and their
failure to justify did not relieve them from liability; but such failure
made the constable liable to the defendants for a return of the prop-
erty to them, if judgment was finally rendered in their favor direct-
ing such return. Code Civ. Proc. § 2926; Van Duyne v. Coope, 1
Hill, 557; Decker v. Anderson. 39 Barb. 346. After the defendants
excepted to the sureties, if the plaintiff fails to procure the allowance
of his undertaking, the constable must immediately deliver the chat-
tel to the defendant. Code Civ. Proc. § 2927. The plaintiff's sure-
ties having failed to justify, it was clearly the duty of the constable
to deliver the property to the defendants; and, by not doing so, he
became liable to them for all damages by them sustained. Code
Civ. Proc. § 2928. But it was finally judicially declared that the
defendants were not entitled to the possession of the property;
hence any right of action the defendants may have had against the
constable, by reason of his having delivered the property to the
plaintiff, merged in the judgment, and, until that judgment is re-
versed, settles the question that the defendants had no interest in
the property, and the intermediate possession ceases to be material.
Schroeder v. Becker, 22 Wkly. Dig. 261. So far as affecting the ques-
tion here involved, the examination and qualifications of the sure-

ties, and the allowance of the undertaking upon a justification, must, under section 2926 of the Code of Civil Procedure, be the same as upon a justification of bail, as prescribed in section 580. By section 580 the bail must attend before the justice, and be examined on oath on the part of the plaintiff, touching his sufficiency, in such manner as the justice in his discretion thinks proper. This section 580 corresponds with section 195 of the old Code, which provided that for the purpose of justification each of the bail shall attend before the justice, and may be examined on oath on the part of the plaintiff, touching his sufficiency, in such manner as the justice in his discretion may think proper. Under this section 195 of the old Code the court of appeals, in Ballard v. Ballard, 18 N. Y. 491, held that the party excepting is the actor in the proceeding, and no step is necessary to be taken except on his requisition; and that the benefit of an exception duly taken to sureties on appeal is waived by the failure of the respondent to attend the officer before whom notice of justification is given, although the sureties also fail to attend. The court also held that it is not the duty of the justice to enter upon any examination as to the sufficiency of the sureties, unless required so to do by the respondent, or some one in his behalf.

The plaintiff's counsel contends that, under this decision, it was the duty of these defendants to proceed with the examination of the sureties to the plaintiff's undertaking; that the defendants were the actors, and, if they desired the sureties to justify, they should have seen that it was done on the return of the summons, and, not having done so, they have waived the right to have such justification. I do not think the plaintiff is right in this position. The case of Ballard v. Ballard was decided under section 195 of the old Code, which provided that the bail may be examined; while section 2924 of the present Code is not permissive, but its language is mandatory. It provides that, if such notice of exception is served, the sureties must justify upon the return of the summons, or the plaintiff must then give a new undertaking. I therefore think the case of Ballard v. Ballard is not controlling, and that the plaintiff should have taken the initiatory steps towards justification. Not having done so, the property should have been delivered to the defendants pending the suit; and, if they had succeeded in the suit, the constable would have been liable to them for any damage they sustained, occasioned by the property having been delivered to the plaintiff, and not to them; and the fact that the sureties attended before the justice ready to justify, of which the defendants were notified, would not be deemed a waiver, so as to relieve the constable from such liability. But, they having attended before the justice, ready to justify, and the defendants' counsel being thus advised, and making no request that they justify, and the trial then proceeding on the merits of the action without the objection that the sureties had not justified, as between the parties might be said to be on the part of the defendants a waiver of such justification, and, at least, does not call for a reversal of the judgment following such trial. The case of Goff v. Bliss, 12 Civ. Proc. R. 99, cited by the defend-

ants' counsel, is not in conflict with these views. In that case, on the return of the summons, the defendants asked that the plaintiff's sureties justify, or else she give a new undertaking. To this request the plaintiff's counsel objected, on the ground that the notice was insufficient. The objection was sustained. By that ruling the justice held that the sureties need not justify, and thereby deprived the defendant of the substantial right to ascertain the sufficiency of the plaintiff's undertaking, and forced the defendant to the trial of the issue without an opportunity to ascertain as to the sufficiency of the sureties. In this case the defendants had the opportunity to examine the sureties; but their counsel is silent when notified of the opportunity, and fails to object to the trial proceeding, on the ground that no such justification had been had; and the action was then tried and decided on the merits.

After a careful examination of the questions presented by the return and by the counsel, I do not find any error requiring the reversal of the judgment as to the defendant Eugene Hecox; but, so far as the judgment is against the other defendant, more serious questions arise. By section 1700 of the Code of Civil Procedure, if the chattel is found in the possession of the defendant or of his agent, the constable must forthwith replevy it by taking it into his possession, and without delay he must serve on the defendant a copy of the affidavit, requisition, and undertaking, by delivering the same to him personally if he can be found within the county, or, if he cannot be so found, to his agent, if any, from whose possession the chattel is taken. The constable's return does not show that William J. Henry, the person in whose possession he found the property, was the agent of either defendant. The defendants properly objected that the return did not show that the summons, affidavit, and requisition were served as required by statute, or that Henry, in whose possession the property was, was the agent of the defendants, or either of them. They also raised the further objection that no undertaking was served, as required by statute. It is very doubtful if the judgment, in so far as it is a judgment in rem, is in any manner binding on the defendant Bertha Hecox; and, certainly, so far as it is a personal judgment against her for the costs of the suit, it is clearly erroneous. She never was served with the summons or any of the other papers required to be served in such an action, and never submitted to the jurisdiction of the court; and as to her the judgment must be reversed. The judgment is in the alternative that the plaintiff recover the possession of the property, or $100 in case a delivery cannot be had. Inasmuch as the plaintiff already had the possession, the judgment should simply have awarded the plaintiff the possession of the property, with such damage as he has sustained, and for the costs of the action. Hence the judgment was improper in form, and, under section 3063 of the Code of Civil Procedure, this court could modify or correct it; but, inasmuch as the judgment awarding the plaintiff $100 in case a delivery cannot be had cannot be enforced, for the reason that the plaintiff already had the possession of the horse, I do not deem such correction or modification necessary. The judgment of the justice's court is affirmed as to the defendant Eugene

Hecox, with costs, but as to the defendant Bertha Hecox it is reversed, with costs against the plaintiff.

, Judgment affirmed as to defendant Eugene Hecox, with costs, but as to defendant Bertha Hecox, reversed with costs against plaintiff.