### KOERKLE et al. v. PANGBURN.

(Supreme Court, Appellate Term. February 23, 1900.)

SHERIFFS AND CONSTABLES—MARSHALS—REPLEVIN—PENALTIES—SURETIES.

Consol. Act, § 1336, declares that, where the defendant in replevin duly excepts to the sufficiency of plaintiff's sureties, they must justify upon return of the summons. Section 1340 declares that where the marshal delivers replevied chattels to either party, without the consent of the other, or under execution, he incurs a penalty of $100 in addition to damages sustained. Held, that where defendant excepted to plaintiff's sureties, who thereafter failed to justify, and the marshal delivered the chattels to plaintiff, without defendant's consent, such marshal became liable to defendant for the $100 penalty and damages defendant sustained; and the fact that such defendant had consented to the continuance of such replevin action from time to time did not impair his rights against the marshal, where he did not consent to an adjournment of the justification.

Appeal from municipal court.

Action by Frank D. Koerkle and another against James T. Pangburn. Judgment for defendant, and plaintiffs appeal. Reversed.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GORMAN, JJ.

Wasserman & Jacobus, for appellants.

G. A. C. Barnett, for respondent.

PER CURIAM. Where the defendant in a replevin suit duly excepts to the sufficiency of plaintiff's sureties, the sureties must justify upon the return of the summons. Section 1336, Consol. Act. The mere presence of the sureties in court on the return day is not a compliance with the requirements of the statute. It is the plaintiff's duty to procure the justification, and, if he neglects to do so, the defendant, unless he consents to an adjournment of the justification, which was not done in this case, is entitled to the immediate return of the property taken by the marshal, and, in default of such return, the marshal becomes personally liable therefor. Webb v. Hecox, 27 Misc. Rep. 169, 58 N. Y. Supp. 382; Goff v. Bliss, 12 Civ. Proc. R. 99. The rights of the plaintiffs in this case, who were the defendants in the replevin action, were in no wise impaired by consenting to the adjournment of the trial of the action from time to time. Nothing transpired, so far as the record discloses, which could be held to be a waiver on plaintiffs' part. It appears that the chattels were delivered by the marshal to the plaintiff in the replevin

action immediately after the levy.   As this was done without the consent of the plaintiffs in this action, the marshal incurred a penalty of $100, in addition to the damages sustained.   Section 1340, Consol. Act.   These damages were shown to be $35, and the plaintiffs, under the proofs in this case, thereby became entitled to a judgment for $135, besides the costs of this action.   The judgment appealed from, which was rendered in favor of the defendant, is entirely unsupported by the proof, and must be reversed.

Judgment reversed, and new trial ordered, with costs to the plaintiffs to abide the event.