———o———

ELLEN RICORDS, Adm'x of J. B. RICORDS, Respondent, vs. FRANCIS WATKINS, Appellant.

1. *Limitations, statute of—Trusts, express—Denial of trust.*—In express technical trusts, the statute of limitations does not begin to run until the trust is denied by the trustee; (Smith vs. Ricords, 52 Mo., 581, affirmed) but the *cestui que trust*, in case of such denial, is limited to the period allowed for the recovery of legal estates at law.

2. *Limitations, statute of—Implied Trusts—Right of action.*—In implied trusts the statute of limitations begins to run as soon as the facts are brought to the knowledge of the *cestui que trust*, so that he can take steps to enforce the trust. (Smith v. Ricords, 52 Mo. 581, affirmed.)

PER VORIES AND NAPTON, J. J., DISSENTING.

3. *Limitations, statute of—Trusts, implied—Express.*—It is not impossible that an express continuing trust, against which the statute of limitations would not run, could be shown by evidence independent of the writing conveying the property to which the trust is attached; and that it thus might be shown by independent testimony, that the possession or conduct of the trustee was consistent with, and not adverse to, the claim or right set up by the *cestui que trust*.

*Appeal from St. Louis Circuit Court.*

*Whittlesey and Lubke*, for Appellant.

*Cline, Jamison & Day*, for Respondent.

WAGNER, Judge, delivered the opinion of the court.

This is the same case that was in this court under the name of Smith vs. Ricords' Adm'x, (52 Mo., 581) and we are now asked to re-consider and reverse the decision then

rendered. The only question is, whether the statute of limitations applies. The facts are stated in the former opinion, and if we admit that the evidence adduced showed an implied trust as against Ricords, it is still difficult to perceive upon what ground this bar of the statute could be prevented from running. The question as to when trustees who have acted in a fiduciary capacity may avail themselves of the statute of limitations, as a defense against liability, was thoroughly and elaborately discussed by Judge Scott in Keeton's Heirs vs. Keeton's Adm'r (20 Mo., 530). He there refers to and approves the opinion of Chancellor Kent in Kane vs. Bloodgood, (7 Johns. Ch. 110,) who after reviewing the cases on the subject, expresses the opinion that the trusts intended by the courts of equity not to be reached or affected by the statute of limitations, are those technical and continuing trusts which are not at all cognizable at law, but fall within the proper, peculiar and exclusive jurisdiction of courts of equity. The learned judge then continues: "but Chancellor Kent in the case to which reference has been made maintains that, if the trustee deny the right of his *cestui que trust* and assume absolute ownership, the remedy of the latter is confined to the period allowed for the recovery of legal estates at law; that so long as the trust is a subsisting one, and admitted by the act and declarations of the parties, the statute does not affect it; but when such transactions take place between trustee and *cestui que trust* as would, in case of tenants in common, amount to an ouster of one of them by the other, a court of equity would not consider length of time of no consequence." After reviewing many authorities, this branch of the opinion is concluded by quoting with approbation Angel on Limitations, where the author says, "Even in cases of direct and technical trusts, if the trustee should deny the right of his *cestui que trust* and assume absolute ownership, the latter could not be allowed a remedy beyond the period limited for the recovery of legal estates at law."

In reference to cases of the description now under consideration it is said, " In all cases of resulting, implied and constructive trusts, when a party is to be constituted a trustee by a decree of a court of equity founded on frauds, it is well settled as a rule of equity, that the statute of limitations and presumption from lapse of time will operate. With regard to the statute of limitations, it will run from the time that the facts are brought home to the knowledge of the party. He then has a cause of action and there is no reason for placing him in any better situation than any other suitor. Having a cause and being fully aware of it, there is nothing to prevent the statute from running against him. The statute to be applied in such cases is determined by the nature of the claim. Lord Redesdale in the case of Bond vs. Hopkins, (1 Sch. & Lef. 429,) says: " If the equitable title be not sued on within the time within which a legal title of the same nature ought to be sued upon to prevent the bar created by the statute, the court, acting by analogy to the statute, will not relieve. If the party be guilty of such laches in prosecuting his equitable title, as would bar him if his title were solely at law, he shall be barred in equity. As in suits relating to real estate courts of equity adopt the limitation of twenty years, that being the period beyond which a writ of entry is barred, so in those relating to personalty they are governed by the limitation prescribed for personal actions. Angel, § 471, says, " It is perfectly clear that,whenever a person takes possession of the property in his own name, and is afterwards, by matter of evidence or by construction of law, changed into a trustee, lapse of time may be pleaded in bar. This possession entitles him, at least, to the same protection as that of a direct trustee, who, to the plaintiff's knowledge, disavows the trust and holds adversely. (Miller vs. Mitchell, 1 Bailey, Eq., 437; Buchan vs. James Admr., Speers Ch. 375.)"

Without attempting to go any farther, this authority ought to be decisive of the question. In two recent cases the very point has been adjudged that where the trust is not direct or

express, but arises merely by implication, the statute of limitations will be a complete bar. (McLane vs. Sheppard, 6 C. E. Green, 76; Ashburst Appeal, 60 Penn. St., 290.)

In 1855, Smith indorsed the note to Ricords, the legal title was then in the latter, and if he held it as a trustee for the former, it was an implied trust, and could only be enforced by a decree in equity upon the introduction of extrinsic evidence. Ricords could only be charged as trustee by matter of evidence. Smith was perfectly aware of his rights, but for nearly twenty years, took no steps to assert his equitable interests.

In the language of the above cases, having a cause and being fully aware of it, there is nothing to prevent the statute from running against him.

The judgment should be affirmed; the other judges concur.

VORIES, Judge, delivered the dissenting opinion.

I concur in affirming the judgment, but I do not agree that an express continuing trust against which the statute of limitations would not run, could not be shown by evidence independent of the writing conveying the property to which the trust is attached; and thus by independent evidence show that the possession or conduct of the defendant was consistent with and not adverse to the claim or right claimed by the plaintiff.

Napton, Judge, concurs.