BYRON J. STROUGH, AS SUPERVISOR OF THE TOWN OF ORLEANS, PLAINTIFF, v. THE BOARD OF SUPERVISORS OF THE COUNTY OF JEFFERSON, DEFENDANT.

*Liability of a board of supervisors for the failure of its county treasurer to invest taxes paid by a railroad company, as a sinking fund, under chapter 907 of 1869, as amended by chapter 283 of 1871 — an action to enforce it must be begun within six years — trust.*

Upon the hearing of a controversy submitted upon an agreed statement of facts it appeared that an adjudication had been made, by the county judge of Jefferson county, that a majority of the taxable property owners of the town of Orleans had duly consented that bonds of that town be issued to the amount of $80,000, and invested in the stock of a railroad company, and that such adjudication had

been reviewed upon *certiorari* and affirmed by the General Term. While the matter was pending in the General Term, the commissioners issued bonds to the amount of $80,000, and exchanged them for the stock of the railroad company, which sold $10,000 and hypothecated $70,000 of the bonds before February 25, 1873, when the Court of Appeals reversed the judgment of the General Term and the county judge. Thereafter it was decided by the Supreme Court of the United States, in an action originally brought in the United States Circuit Court, that the hypothecated bonds (which were sold after the decision of the Court of Appeals), were valid in the hands of the purchasers thereof. After this decision money sufficient to pay the interest and a part of the principal of the said bonds was raised by taxation, the portion thereof paid by the railroad company being paid by the town collector into the treasury of the county and expended, under the direction of the defendant, the Board of Supervisors of that county, for county purposes.

*Held*, that, as the court of last resort had held that the town was liable to pay its bonds, the fact that the Court of Appeals held that the proceedings taken were insufficient to authorize the commissioners to issue the bonds, was no justification for the refusal of the defendant to set apart these taxes for the purpose of creating a sinking fund, as required by section 4 of chapter 907 of 1869, as amended by chapter 283 of 1871.

That the town was as clearly entitled to the benefits of the act as though its proceedings to acquire authority to issue bonds had never been questioned.

That the defendant was liable, in its corporate capacity, for the moneys so received by the county treasurer, and paid out by him, pursuant to its directions, as for money had and received for the town's benefit, and that the action fell within section 382 of the Code of Civil Procedure, which limited the plaintiff's recovery to the sums misappropriated within six years prior to August 6, 1888, the date of the submission.

That the relation of trustee and *cestui que trust* of an express trust by the voluntary act of the parties did not exist in this case.*

SUBMISSION of a controversy, under section 1279 of the Code of Civil Procedure, to determine whether the county of Jefferson shall refund to the town of Orleans certain moneys received on account of taxes assessed upon and collected from the portion of the Clayton and Theresa Railroad in that town.

*Wayland F. Ford*, for the plaintiff.

*John C. McCartin* and *Watson H. Rogers*, for the defendant.

FOLLETT, J.:

The questions in difference between these parties are brought before the court by a submission entered into pursuant to sections 1279 and 1280 of the Code of Civil Procedure.

_____

* See *ante* page 1.

In 1871 the county judge of Jefferson county adjudged (pursuant to chapter 907 of the Laws of 1869) that a majority of the tax_ payers, representing a majority of the taxable property of the town of Orleans, had duly consented that bonds of said town be issued to the amount of $80,000, and invested in the stock of the Clayton and Theresa Railroad Company, and appointed three commissioners to carry the adjudication into effect. This adjudication was reviewed upon *certiorari* by the General Term, which affirmed the judgment on the 20th of June, 1872. While the matter was pending in the General Term, the commissioners issued 160 bonds for $500 each, dated February 15, 1872, payable February 15, 1894, with semi-annual interest at seven per cent per annum, and exchanged them for an equal amount of the stock of said railroad company. The railroad company sold $10,000 and hypothecated $70,000 of the bonds before February 25, 1873, when the Court of Appeals reversed the judgments of the General Term and county judge. (*People ex rel. Irwin* v. *Sawyer*, 52 N. Y., 296.) Shortly afterwards the hypothecated bonds were sold, and afterwards an action was brought in the Circuit Court of the United States to recover the interest due on the bonds, and a judgment therefor recovered, which was affirmed in October, 1878, by the Supreme Court of the United States, which held that the bonds were valid in the hands of the purchasers. (*Orleans* v. *Platt*, 99 U. S., 677.) Since this decision, there has been raised by taxation an amount sufficient to pay the interest which has become due on the bonds, and $13,000 of the principal; and in 1885 the town realized $30,000 by disposing of its stock in said railroad company, with which sixty bonds were then paid, leaving $37,000 of the bonds outstanding, the interest upon which has been paid by money raised by taxation.

Column No. 1 shows the amount of the State tax; No. 2, the amount of the county tax; No. 3, the total amount of the State and county taxes collected from said railroad company in the town during the years 1873 to 1886, both inclusive; and No. 4, the amount raised by taxation during said years in said town, for the purpose of paying interest and principal upon said bonds.

FOURTH DEPARTMENT, NOVEMBER TERM, 1888.

|  | No. 1. | No. 2. | No. 3. | No. 4. |
|---|---|---|---|---|
| 1873 | $9 20 | $12 23 | $21 43 | Nothing. |
| 1874 | 213 17 | 335 93 | 549 10 | Nothing. |
| 1875 | 160 60 | 348 70 | 509 30 | Nothing. |
| 1876 | 120 09 | 320 61 | 440 70 | Nothing. |
| 1877 | 132 35 | 276 02 | 408 37 | Nothing. |
| 1878 | 41 08 | 99 34 | 140 42 | Nothing. |
| 1879 | 119 27 | 244 14 | 363 41 | $10,613 53 |
| 1880 | 152 27 | 257 12 | 409 39 | 26,114 96 |
| 1881 | 103 08 | 273 36 | 376 44 | 23,031 95 |
| 1882 | 114 05 | 221 21 | 335 26 | 7,906 60 |
| 1883 | 159 20 | 212 38 | 371 58 | 5,340 00 |
| 1884 | 123 70 | 159 88 | 283 58 | 10,100 00 |
| 1885 | 160 25 | 188 65 | 348 90 | 1,900 00 |
| 1886 | 141 50 | 145 93 | 287 43 | 1,705 00 |

The moneys paid by the railroad company in these years were paid by the town collectors into the treasury of the county and expended, under the direction of the defendant, for county purposes. For the purpose of fixing a date as of which the moneys were expended, it was agreed in the submission that the taxes of each year were expended on the succeeding first day of June. In November, 1887, the plaintiff demanded that the defendant and its treasurer should pay into a sinking fund the taxes (except school and road) collected during the years 1873 to 1886, inclusive, and, also, the taxes to be collected in 1887 from the railroad company, as provided by section 4 of chapter 907 of the Laws of 1869, as amended by chapter 283 of the Laws of 1871. The defendant, through its treasurer, paid the sum collected in 1887 into a sinking fund for the benefit of the town, but refused to pay into said sinking fund the moneys collected in the previous years, and thereupon the parties entered into this submission.

The fact that it was held by the Court of Appeals that the proceedings taken were insufficient to authorize the commissioners to issue bonds, is no justification for the refusal of the defendant to set apart these taxes for the purpose of creating a sinking fund. The object of creating this fund was to provide for the payment of the interest accruing upon the bonds and the principal, and to afford

some relief to the taxpayers who had created this new taxable property. The court of last resort held that the town was liable to pay its bonds, and the burden was as effectually imposed as though the Court of Appeals had declared the proceedings to bond the town regular and effectual.

The benefits conferred by this section are not, in terms or by implication, restricted to towns, the bonds of which have not been declared invalid by the Court of Appeals, but are conferred upon all towns having bonds issued under this act which must be paid by taxation. We think this town is as clearly entitled to the benefits of this act as though its proceedings to acquire authority to issue bonds had never been questioned. Section 4 of chapter 907 of the Laws of 1869, as amended by chapter 283 of the Laws of 1871, is constitutional, and " all taxes except school and road taxes collected " from the Clayton and Theresa Railroad Company, in the town of Orleans, belong to that town, and it was defendant's duty, by its warrants issued to the town collector, to direct him to pay the money received for such taxes to the treasurer of the county of Jefferson, to be applied by him as provided by said section. (*Bridges* v. *Supervisors of Sullivan*, 92 N. Y., 570 ; *Clark* v. *Sheldon*, 106 id., 104.) This duty was not only omitted, but the defendant directed the county treasurer to pay and apply all of the moneys received by him from the collectors of the town to other purposes, thereby putting it out of the power of the treasurer to obey the statute. For this illegal, though innocent in intent, misappropriation of these moneys, the defendant, in its corporate capacity, is liable, and the only remaining question is, what is the extent of its liability ? Is the time within which this action must be begun fixed by section 382 (the six years' section), or section 388 (the ten years' section) of the Code of Civil Procedure ?

This action is for the recovery of money received by defendant from a third person, which should have been, but was not, applied by the defendant to the plaintiff's use, an action for money had and received. (*Newman* v. *Supervisors of Livingston Co.*, 45 N. Y., 676 ; *National Bank of Ballston Spa.* v. *Supervisors of Saratoga Co.*, 106 id., 488 ; *Bridges* v. *Supervisors of Sullivan Co.*, *supra* ; (4 Wait's A. and D , 506.) An action for the recovery of money had and received is founded upon an express or implied promise

(*Dumond* v. *Carpenter*, 3 Johns., 183; *Fagnan* v. *Knox*, 66 N. Y., 525, 532; *Price* v. *Mulford*, 107 id., 303, 309; 4 Wait's A. and D., 469), and falls within section 382 of the Code of Civil Procedure. When did the cause of action accrue? The plaintiff insists that the defendant became a trustee of these moneys for the plaintiff, and that the cause of action did not accrue until November, 1887, when defendant refused to pay the moneys collected into the sinking fund, pursuant to the demand of the plaintiff. This is not the case of an express trust. Confidence was not reposed in the defendant by the plaintiff, or by a third person for the plaintiff's benefit, in respect to these moneys. No trust in respect to them had been established by the voluntary act of two or more parties, and the relation of trustees and *cestui que trust* of an express trust by the voluntary act of the parties, never existed; but, so far as there can be said to have been a semblance of a trust, it is a constructive one, which is not within the rule that the statute of limitations does not begin to run against a beneficiary until the trustee has openly renounced the trust, or done something hostile to the rights of the *cestui que trust*. (*Kane* v. *Bloodgood*, 7 Johns. Ch., 90; affirmed, 8 Cow., 360; *Lammer* v. *Stoddard*, 103 N. Y., 672; *Price* v. *Mulford, supra; York's Appeal*, 110 Penn St., 69.) The right of action for the recovery of these misappropriated moneys arose when they were misappropriated (Code Civil Pro., § 410; *Price* v. *Mulford, supra*), and the plaintiff's recovery must be limited to the sums misappropriated within six years prior to August 6, 1888, the date of this submission.

The plaintiff is entitled to a judgment for the recovery of $1,291.49, with interest on $371.58 from June 1, 1883; with interest on $283.58 from June 1, 1884; with interest on $348.90 from June 1, 1885, and with interest on $287.43, from June 1, 1886, payable to the treasurer of the county of Jefferson, to be by him applied as provided by section 4 of chapter 283 of the Laws of 1871, together with the costs and disbursements of this action, payable to the plaintiff.

HARDIN, P. J., and MARTIN, J., concurred.

So ordered.