EMMA A. SHORTRIDGE, Respondent, v. JOHN HARDING, Adm'r, Appellant.

Kansas City Court of Appeals, March 4, 1889.

Limitations: IMPLIED TRUSTS, ENFORCEABLE AT LAW, SUBJECT TO. Plaintiff's father received of his brother fifteen hundred dollars on agreement, not evidenced by any writing, to pay the accruing interest to plaintiff's grandmother until plaintiff was twenty-one years of age, at which time, to pay her two hundred dollars of the sum received, but which he failed to do,—more than five years having elapsed between plaintiff's majority and the commencement of this action. *Held*—

(1) The transaction created an implied trust, and not a technical and continuing trust.

(2) That plaintiff could have, under the agreement, recovered in a timely action at law; but that her action is barred by the five-year limitation.

*Appeal from the Andrew Circuit Court.*—HON.
CYRUS A. ANTHONY, Judge.

REVERSED.

*J. A. Sanders* and *P. Mercer*, for appellants.

Appellant and respondent did not sustain the rela-
tion of trustee and *cestui que* trust, after respondent
became twenty-one years old, but of debtor and creditor ;
and respondent's right of action at law accrued at that
time, and was barred at the end of five years. *Johnson
v. Smith*, 27 Mo. 591 ; *State v. Willi*, 46 Mo. 236 ; *Smith
v. Ricords*, 52 Mo. 581 ; *Ricords v. Watkins*, 56 Mo.
553 ; *State ex rel. v. Grigsby*, 92 Mo. 419 ; *Taylor v.
Kilgore*, 33 Ala. 214 ; Angell on Lim., sec. 176.

*Bailey & Baldwin* and *David Rea*, for respondent.

(1) Thomas Harding held the fifteen hun-
dred dollars, as trustee, under an express trust.
Bispham's Prin. of Eq., sec. 65 ; Perry on trusts, secs.
24, 86. (2) The statute of limitations does not run
against an express trust, at least not until there is an
open disavowal of the trust by the trustee. See Ang.
and Ames. on Lim., sec. 174 ; *Dillon v. Bates*, 39 Mo,
301 ; *Goodwin v. Goodwin*, 69 Mo. 621 ; *Butler v. Lawson*,
72 Mo. 249 ; *Smith v. Ricords*, 52 Mo. 581, cited by
appellant ; *Ricords v. Watkins*, 56 Mo. 553, cited by
appellant ; *Poe v. Downer*, 54 Mo. 127 ; *Oliver v. Piat*,
3 How. U. S. 411 ; *Boone v. Chiles*, 10 Pet. U. S. 223 ;
Perry on Trusts, sec. 863 ; *McLum v. Shephard*, 21 N.
J. Eq. 76 ; *Albetch v. Wolf*, 58 Ill. 186 ; *Jones v.
McDermott*, 114 Mass. 400 ; *Reichl v. Likowski*, 33 Kas.
518 ; *Murchison v. Payne*, 37 Texas, 306 ; *Keeton v.
Kenton*, 20 Mo. 530 ; *Hill v. Bailey*, 8 Mo. App. 85.
Trusts in personal property may be created by parol.
*Kramer v. McCoughey*, 11 Mo. App. 426.

SMITH, P. J.—This case originated before the probate court of Andrew county and comes here by appeal from the judgment of the circuit court of that county upon the following case agreed :

"Emma Shortridge v. John Harding, administrator of the estate of Thomas Harding, deceased. Appeal from the Andrew county probate court, etc.

"1.   It is hereby agreed by the parties to this action and their respective attorneys, that the judge of the circuit court within and for said county may determine the rights of the parties to said action, on the following agreed statement of facts :

"2.   That this suit is founded upon a demand alleged to be due Emma Shortridge, claimant herein, against the estate of Thomas Harding, deceased. That said demand is for the sum of two hundred dollars ( $200 ) with interest thereon from the twenty-eighth day of July, 1880, to the filing of said demand in the probate court of said county, on the seventh day of June, 1887, amounting to two hundred and sixty-six dollars ( $266.00 ). Defendant answered with the plea of payment, and also that the demand is barred by the statute of limitations.

"3.   It is agreed that in the life-time of Thomas Harding, who was the father of the plaintiff herein, a brother of said Thomas Harding entrusted to the care and keeping of said Thomas Harding the sum of fifteen hundred dollars ( $1500.00) with instructions to divide the same among the seven (7) children of the said Thomas Harding when the youngest—the plaintiff herein—should have reached the age of twenty-one (21), the two sons of Thomas Harding being entitled to receive two hundred and fifty dollars ($250.00 ) each, and the five daughters, two hundred dollars ( $200.00) each. That pending the minority of said children the interest of said amount was to be paid to the mother of said

Thomas Harding, who was the grandmother of plaintiff herein, which interest was so paid by the said Thomas Harding until the death of said grandmother of the claimant. Two of the aforesaid daughters reside in England, and have each received from said Thomas Harding the two hundred dollars ($200.00) due as aforesaid to them. A third daughter received certain real estate on account of said demand. A fourth received a cow valued at twenty-five dollars ($25.00) to be applied on her claim. John Harding, a son of said Thomas Harding, and administrator of his estate, received two hundred and fifty dollars ($250.00) due to him as aforesaid; and Thomas Harding, a second son, received two hundred and fifty dollars ($250.00) his share as aforesaid, in 1884, more than five years after the same was due him.

All of said payments were made to the above named children by said Thomas Harding in his lifetime.

"4. It is further agreed, for the purpose of bringing the uncontroverted facts to the direct attention of the court, that claimant was never paid any part of said two hundred dollars ($200.00), nor was she ever offered any other property in lieu thereof, although she frequently demanded the said sum be paid to her, and never intended to relinquish her rights thereto.

"5. That claimant at the time she became entitled to receive said money and prior thereto was aware that said sum of two hundred dollars ($200.00) was in the hands of said Thomas Harding, now deceased, and was fully aware of the circumstances under which Thomas Harding received said money.

"6. That more than five years elapsed from the time claimant was first entitled to receive said two hundred dollars ($200.00) up to the death of decedent in 1886.

"7. The decedent was solvent at the time, claimant became entitled to receive said money, and continued to remain so up to the date of his death.

"8. That no action had been commenced by claimant against decedent in his lifetime to collect said demand, or by any one representing claimant or in her stead, neither was there any acknowledgment or promise in writing entered into by decedent, or any person for him, as evidence of a new or continuing promise or · obligation, although decedent acknowledged said obligation after claimant became of age, and never denied or disavowed it.

"9. That no legal disability existed to prevent claimant from ·collecting any demand she had against decedent at the time the same became due to her under the conditions heretofore described in the third clause of this agreement or at any subsequent time.

"BAILEY & BALDWIN, } Attorneys for Plaintiff.
"DAVID REA,

"J. A. SANDERS, } Attorneys for Defendant."
"PEMBROKE MERCER,

The single question which we have to decide is whether the estate of the decedent, who received of his brother fifteen hundred dollars on an agreement, not evidenced by any writing, to pay the accruing interest thereon to plaintiff's grandmother until plaintiff should become twenty-one years of age at which time to pay her two hundred dollars of the sum received but which he failed to do—more than five years having elapsed between the time plaintiff attained her majority and the commencement of this action—can successfully plead the statute of limitations to plaintiff's action against it for the said sum of two hundred dollars.

The judgment of the circuit court must be affirmed or reversed accordingly as we determine this question. This action was commenced in a court of law—the probate court which has no equity jurisdiction. *Gordon v.*

*Eans*, 97 Mo. 587. Nothing is perceived in the record before us that renders this case dissimilar to that where a person who receives money for another's use and agrees to pay it over at a certain time, or to apply it to a particular use.

In such a case an *implied trust* is created. The beneficiary in an action at law on a count in *assumpsit* for money had and received to his use could recover the amount due to him under the agreement. But there is another class of trusts, entirely distinguishable from the class which we have just mentioned, known as technical and continuing trusts and which are not at all cognizable at law but fall within the peculiar and exclusive jurisdiction of courts of equity. This class of trusts are not affected by the statute of limitations. The plaintiff's action is to enforce an implied trust in a court of law where she cannot, to avoid the effect of the statute of limitations, invoke the doctrine applicable to technical and continuing trusts for they fall within the peculiar jurisdiction of courts of equity. It seems clear that the plaintiff's demand may be affected by the statute of limitations and that unless she brought her action thereon within five years after its accruel she can not recover. These views are sustained by the authorities. *Johnson v. Smith*, 27 Mo. 591; *State v. Willi*, 46 Mo. 236; *Smith v. Ricords*, 52 Mo. 581; *Ricords v. Watkins*, 56 Mo. 553; *State ex rel. v. Grigsby*, 92 Mo. 419.

It results from these considerations that the judgment of the circuit court must be reversed which is accordingly ordered. The other judges concur