(42 App. Div. 356.)

## YATES v. WING.

(Supreme Court, Appellate Division, Third Department.   July 6, 1899.)

1. LIMITATIONS—MONEY HAD AND RECEIVED.
    Where money is received to and for the use of another, so that it is a duty at once to pay it over, limitations begin to run from the day of the receipt of the money, though an accounting might be necessary to determine the amount.

2. SAME—LEGAL PROCEEDINGS.
    Where residuary devisees execute a power of attorney, authorizing the attorney to sell and convey all their interest in the real estate of the decedent, and the land is thereafter sold under such power, proceedings in the surrogate's court for the settlement of the personal estate of the testator, in which the devisees were defendants, did not prevent them from asserting any remedies they might have for the moneys collected under the power of attorney, so as to prevent the running of the statute.

3. SAME—ACKNOWLEDGMENT OF DEBT.
    Where moneys were collected from sales of real estate under a power of attorney, an account filed by the executor of such attorney after his death, containing a statement of moneys received from such sales, with no statement that there is anything due under such power, is not an acknowledgment of the debt due to the parties entitled to such proceeds, sufficient to take it out of the bar of the statute.

Appeal from trial term, Washington county.

Action by Mary E. Yates against Asahel R. Wing, executor of Philander C. Hitchcock.   From a judgment, on a trial before the court, dismissing the complaint, plaintiff appeals.   Affirmed.

The grounds of the decision, as stated therein, are that the plaintiff has been guilty of such laches and delay as to bar any equitable or other relief herein, and that the claim of the plaintiff, if any existed, is barred by the statute of limitations.   On the 7th day of December, 1873, Frederick D. Hodgman, a resident of the village of Ft. Edward, in Washington county, died, leaving a will, which was afterwards duly probated, and letters testamentary issued thereon, on the 13th February, 1874, to Philander C. Hitchcock and three others, one of whom was the plaintiff, the widow of the testator.   By this will, the testator, after making certain specific bequests and devises, and providing for the payment of certain legacies, gave all the rest of his property to his nephews and nieces, share and share alike.   They were 20 in number, and this residuary devise operated to vest in them the title to most of the real estate which the testator left.   The executors, as such, had no power under the will to sell real estate.   On the 13th December, 1878, and December 23, 1878, 15 of these residuary devisees executed to Hitchcock powers of attorney, authorizing him to sell and convey all their interest in any or all of this real estate upon such terms as to him should seem meet, and until the sale to rent the same for the best rent that could be obtained for the same, and to demand and receive for their use all moneys due or payable to them by reason of any such sale or lease.   Hitchcock died on August 27, 1888, and on the 12th December, 1888, letters testamentary upon the will of Hitchcock were duly issued to the defendant.   This action was commenced December 7, 1896.   The plaintiff is the assignee, by assignment executed on or about December 28, 1895, of eight of the persons who gave the powers of attorney.   It is alleged in the complaint that Hitchcock after the execution and delivery of such powers, and by virtue thereof, rented and sold real estate belonging to the parties, and received therefor large sums of money, the amount of which the plaintiff was unable to state, and which the said Hitchcock or the defendant had not paid to the parties or accounted for; that a decree has been entered settling the estate of said Hodgman, in proceedings whereto the defendant was a party, and, among other things, settling the account of defendant touching the administration of Hitchcock, as executor thereof; that in such account the defendant charged the

estate of Hitchcock with sums received by him for rentals and sales of said real estate, aggregating a total of $17,097.31, but that defendant afterwards withdrew the same, on the plea that they were for real estate rentals and sales and acquired by Hitchcock under the powers of attorney referred to, and that the surrogate had not jurisdiction to pass upon them. Judgment was demanded that the defendant be directed to render an account for the moneys received by Hitchcock for rentals and sales, and be directed to pay the plaintiff the amount she may be entitled to. Upon the trial the plaintiff, after putting in evidence the powers of attorney, offered in evidence several deeds executed by Hitchcock in pursuance of such powers, the consideration as stated in each deed being noted; the first deed being dated May 1, 1879, and the last one June 28, 1884. The consideration in the deed of June 28, 1884, was one dollar, and the deed next before that bore date August 15, 1881. The plaintiff also offered in evidence an account, verified June 26, 1890, rendered by defendant in proceedings commenced in surrogate's court July 23, 1889, for the settlement of the personal estate of Frederick D. Hodgman, deceased. The plaintiff's assignors were parties to these proceedings, and the decree therein (being the one referred to in the complaint) was entered December 30, 1895. The account rendered by the defendant was with reference to the administration of Hitchcock as executor of Hodgman, and contained the following recital: "Schedule B, hereunto annexed, contains a statement of all other moneys belonging to the estate of said Frederick D. Hodgman, deceased, which apparently came to the hands of said Philander C. Hitchcock, deceased; and this schedule includes moneys resulting from sales of real estate, and rents received from said real estate, for the reason that your accountant is unable accurately to separate moneys so derived from real estate from the personalty, from the data which has come to his hands,—particularly in regard to the paper mill property." The items of Schedule B, appearing on their face to be real-estate items, were dated from October 5, 1874, to May 6, 1879, and aggregated $31,067.51. The plaintiff also offered in evidence an amended account made by the defendant in the proceedings referred to, and verified June 26, 1895. In this are the following statements: "The said Philander C. Hitchcock during his lifetime held power of attorney to sell and convey real estate from nearly all the residuary legatees of said Hodgman, deceased, and under and by virtue of said power of attorney the real estate left by said deceased was conveyed, and as appears from papers on file in this court in a former accounting herein, and other papers in my possession, during the years 1879 and 1880 a settlement was made by said Hitchcock with all the residuary legatees under the will of said Hodgman, deceased, except Alfred C. Hodgman and four others, whose shares said Alfred C. Hodgman held by assignment. The real estate of which the said Frederick D. Hodgman died seised appears to have been sold by the said Hitchcock as agent, under the authority of powers of attorney from many of the residuary legatees of the said Hodgman, deceased, in connection with his other residuary legatees, and not as executor, for which reason the matters pertaining to the said real estate have been eliminated from this amended account upon the theory that the surrogate has no jurisdiction to take the account or to settle those matters." The items so eliminated are those from Schedule B, above referred to, except an item of $14,000 for sale of a one-half interest in paper mill, which seems to have been treated as personal estate. That left as eliminated items the aggregate of $17,067.51. This amended account on its face shows credits to Hitchcock to the amount of $21,000 in excess of the debits. The foregoing is the substance of the proof on the part of the plaintiff. It was not shown what information the assignors of plaintiff had as to the amount of sales or rentals, aside from the accounts rendered by the defendant. The findings and decree of the surrogate's court on the accounting were put in evidence by the defendant, and from these it appears that prior to 1882 the executors of Frederick D. Hodgman, deceased, had settled with the residuary legatees represented by the plaintiff, and taken receipts in full or transfers of all their claims against said estate. It also appeared that the assignors of the plaintiff and some other of the residuary legatees made default in the proceeding for an accounting, and a decree of settlement was entered on 23d April, 1892; that afterwards, and in or about April, 1894, they made application to open their default (upon what ground does not appear), which, after

litigation, was granted; that subsequent to that the amended account was filed, to which objections were made; and that the decree entered thereon on December 30, 1895, showed the credits to the defendant largely in excess of the debts.

Argued before PARKER, P. J., and LANDON, HERRICK, PUT-NAM, and MERWIN, JJ.

Charles S. Foote, for appellant.

Edgar Hull (C. H. Sturges, of counsel), for respondent.

MERWIN, J. The main question in the case is whether the trial court erred in holding that the statute of limitations was a bar to the claim of plaintiff. In Mills v. Mills, 115 N. Y. 80, 21 N. E. 714, the rule was laid down that where money is received by one to and for the use of another, under such circumstances that it is his duty at once to pay it over, then an action for money had and received may be brought to recover it without any demand, and that in such a case the statute of limitations begins to run from the day of the receipt of the money, and that this result would not be affected by the fact that an accounting was necessary in order to determine the amount. This rule was applied, in Wood v. Young, 141 N. Y. 211, 36 N. E. 193, to the case of a party collecting money by virtue of a power of attorney; and it was said that the law imposed an obligation upon the agent to pay over the money as soon as received, or at least within a reasonable time, and that an action was maintainable by the owner for its recovery without any demand before suit. This rule would seem to be applicable to the facts of this case as shown at the trial, so far as they tended to show that the defendant's testator had received moneys belonging to the plaintiff's assignors. As said in the Wood Case, there was nothing in the circumstances under which the moneys came to the hands of the testator from which the right or duty should be implied to hold these until actually called for by the owners. Nor are any circumstances shown rendering it necessary for plaintiff to resort to equity for relief. If there are concurrent remedies in equity and law, the action would be subject to the limitation at law. Roberts v. Ely, 113 N. Y. 128, 133, 20 N. E. 606. If no demand was necessary, then it is not necessary to consider the question raised by the plaintiff under the provision of section 410 of the Code of Civil Procedure. The last transaction or receipt of money under the power of attorney was, so far as the proofs show, on the 28th June, 1884. From that date, more than 11 years and 6 months elapsed before the commencement of this suit. Clearly, the action was barred, unless, as the plaintiff claims, the pendency of the proceedings in the surrogate's court for the settlement of the personal estate of the testator, Hodgman, or the acts or conduct of the defendant in those proceedings, changed the situation to the benefit of the plaintiff. The proceedings in the surrogate's court were not instituted by the assignors of the plaintiff. They were defendants therein. There was nothing in those proceedings to prevent them from asserting at any time, in the proper forum, any remedies they had as to the proceeds of the real estate. The surrogate had no power to pass on the transactions between them and Hitch-

cock under the power of attorney.  In re Hodgman's Estate, 11 App. Div. 344, 42 N. Y. Supp. 1004.  It is not apparent that the insertion by the defendant, in his first account, of the items as to the real estate, influenced in any way the assignors of plaintiff to delay affirmative action on their part.

It is urged by the plaintiff that the verified account filed by the defendant June 26, 1890, is a sufficient written acknowledgment or promise to take the case out of the operation of the statute (Code Civ. Proc. § 395).  The recitals as to Schedule B of that account, hereinbefore quoted, are relied on as showing such acknowledgment. That professes to state certain real-estate items as received by the testator 10 years and upward before, as the accountant finds them in data which have come to his hands.  The whole account is not in the record.  There is no statement that there is anything due the residuary legatees or devisees.  The inference is to the contrary. There is no recognition of an existing debt.  In the amended account, which, as it may be inferred, is substantially the same as the former one, except the specified real-estate items, there is a balance claimed to be due to the Hitchcock estate of more than the real-estate items, and there is also a specific statement of a settlement prior to 1882 of the claims represented by the plaintiff.  To constitute an acknowledgment of a debt, such as will take it out of the statute, the writing must acknowledge an existing debt, and must contain nothing inconsistent with an intention on the part of the debtor to pay.  Manchester v. Braedner, 107 N. Y. 346, 14 N. E. 405.  It has been held that an executor can neither by his promise nor acknowledgment, oral or written, revive a debt against the estate of his testator already barred by the statute.  Bloodgood v. Bruen, 8 N. Y. 362; Butler v. Johnson, 111 N. Y. 204, 18 N. E. 643.  In Schutz v. Morette, 146 N. Y. 137, 40 N. E. 780, it was held that an acknowledgment of a debt by an executor will not, in the absence of an express promise to pay, take the case out of the statute.  The date of the last real-estate item in the account of 1890 was May 6, 1879,—more than eight years before Hitchcock's death.  It seems to me reasonably clear that no sufficient acknowledgment or promise is shown to relieve the plaintiff from the effect of the statute, or any facts which operate to estop the defendant from pleading the statute in behalf of the estate he represents.  It follows that the judgment should be affirmed.

Judgment affirmed, with costs.  All concur.