7176

## MONTAGUE v. PRIESTER.

1. CONTRACTS—MORTGAGES.—Where a grantor upon allegation that the consideration of a deed was to be the satisfaction of a mortgage due grantee by him on some land and some cash and that grantee breached the contract, and on this issue has the deed cancelled, he cannot afterwards set up such rescinded contract to defeat the mortgage which grantee was to satisfy.

2. MORTGAGES—FORECLOSURE—MISTAKE—LIMITATION OF ACTIONS—ATTORNEY'S FEES.—Indorsement of payment on a mortgage and delivery so indorsed to mortgagor is only a receipt for the mortgage debt, and is not conclusive between the original parties, but it may be shown to have been a mistake and the mortgage foreclosed within twenty years and attorney's fees provided for therein added in the judgment.

3. EVIDENCE—TRANSACTIONS WITH DECEDENT.—A transaction between an agent and another on behalf of the principal may be testified to by the other party in suit by such agent as administrator of the deceased principal against him involving the transaction.

4. TRUST—LIMITATION OF ACTIONS—ACCOUNTING.—PAYMENT by mortgagor to a third party of a sum of money to be by him paid to his mortgagee, which the third party applied to his own account against mortgagor, giving mortgagor a statement showing such application, is a repudiation of the trust by the third party and right of mortgagor to require him to account for the fund so applied is barred in six years after notice of the application.

Before MEMMINGER, J., Barnwell, January, 1908.   Modified.

Action by H. W. Montague, administrator of W. P. Wilcox, against Daniel R. Priester and Bank of Barnwell. From Circuit decree, both plaintiff and defendant, Priester, appeal.

*Mr. J. L. Tobin,* for plaintiff.   No citations.

*Messrs. Bates & Simms,* for defendant, Priester, cite: *Issue of validity of Wilcox mortgage is res judicata:* 52 S. C., 172; 57 S. C., 182; 64 S. C., 190; 47 S. C., 305; 68 S. C., 104.

*Mr. Robert Aldrich,* for Bank of Barnwell, defendant.

April 24, 1909.  The opinion of the Court was delivered by

MR. JUSTICE WOODS.   In this case the plaintiff, H. W. Montague, administrator of the estate of W. P. Wilcox, and the defendant, Daniel R. Priester, both appeal from a decree of Judge Memminger for the foreclosure of a mortgage executed by Priester to Wilcox.   The position relied on by counsel for Priester, the mortgagor, is that the mortgage was satisfied by a deed of conveyance of the mortgaged premises, made by Priester to Wilcox, the mortgagee, on 18th January, 1905; and it is contended that the deed was adjudged to have that effect in the case of *Wilcox* v. *Priester,* 68 S. C., 108, 46 S. E., 553.   The record in that case shows the position to be entirely untenable.   There the action was brought by the heirs of Wilcox against Priester to recover possession of the land, in reliance on the deed from Priester to Wilcox now set up.   Priester's defense to their claim was that he had executed the deed in consideration of a promise by Wilcox to satisfy his mortgage, and to pay the remainder of the purchase price in cash; that Wilcox had breached his contract, and that thereupon he had "repudiated the

transaction." On the issue made by this defense the jury found a verdict in Priester's favor for the land in dispute, and the judgment on the verdict was affirmed by this Court. The mortgagor having elected to repudiate his deed and to rescind the entire contract under which the mortgage was to be cancelled, and on that election having succeeded in annulling the contract and in retaining the land, it is quite clear he can not now set up the repudiated and rescinded contract to defeat the mortgage. He can not have the benefit of a rescision of the contract, and also of its enforcement. For the same reason the mortgagor can not allege the mortgage was cancelled by being merged in the deed. When the deed fell, by reason of the mortgagor's repudiation of it, all its incidents fell with it.

The respondent, Bank of Barnwell, intervened in this action for foreclosure, and as assignee set up a senior mortgage on the land, executed by Priester to Charles Pechman, alleging a balance of one hundred dollars and interest to be due thereon. The defendant, Priester, by formal plea alleged against the bank's mortgage, that Wilcox, the holder of the junior mortgage, had agreed with him to pay the one hundred dollars due; that he had paid Wilcox that amount, to be applied to the bank's mortgage; "and that the said Wilcox did pay the said Bank of Barnwell, or should have done so." The plaintiff, as administrator of the estate of Wilcox, replied to the matters alleged by the Bank of Barnwell and the defendant. Priester, by a general denial, and by the allegation that "the said claim. as against the estate of Wilcox, did not accrue within six years prior to the commencement of the action."

The president of the bank testified that after several payments had been made on the mortgage the officers of the bank made the mistake of supposing the mortgage fully paid, and so on 3d November, 1891, surrendered it to Priester, marked paid; but that very soon afterwards they discovered that there was a balance of one hundred dollars due,

and notified Priester of the mistake.    He testified, further,
that the claim of the bank was for one hundred dollars,
principal and interest thereon at eight per cent, together
with attorney's commissions of ten per cent. on the whole
sum due.    The bank amended its pleadings to conform to
this proof.    The defendant, Priester, then set up additional
defenses, as follows: "First. It being alleged by the said
defendant that the alleged mistake was made by it and with-
out fault of the defendant, Priester, no interest or attorney's
commission can be charged on said mistake to this defend-
ant.    Second. That the said alleged mistake having occurred
more than six years before the filing of this action by the
defendant, the Bank of Barnwell, and more than ten years
from the said action taken by the Bank of Barnwell, and
said mistake having been known to said Bank of Barnwell
more than six years and more than ten years from its
alleged making, that the remedy of said mistake at this time
is barred by the Statute of Limitations."    The mortgage
to Pechman was then introduced, and, though it is not
printed in the record, it seems to be conceded that it pro-
vided for eight per cent. interest and ten per cent, attorney's
fees.

The indorsement on the mortgage and its surrender to
the mortgagor was nothing more than a receipt in full of
the mortgage debt.    A third party, who had been misled
by such a receipt, might possibly set it up as conclusive.
But between the original parties a receipt is not conclusive
evidence of payment.    *Daniels* v. *Mayes,* 12 S. C., 130;
*Park* v. *So. Ry. Co.,* 78 S. C., 302, 58 S. E., 931.    The fact
that the receipt was placed on the mortgage makes no dif-
ference.    2 Jones on Mortgages, sec. 918.    The Bank of
Barnwell, therefore, is enforcing its original mortgage,
which had not been paid; and as twenty years from its date
had not elapsed, it was not barred by the Statute of Limita-
tions and was enforceable, as a lien on the land, for the

amount of principal and interest and attorney's fees according to its terms.

The remaining question is, whether the Circuit Court erred in granting to Priester the relief of requiring Montague, as administrator of the estate of Wilcox, to satisfy the balance due on the bank's mortgage.

The testimony of Priester was that H. W. Montague was Wilcox's "head man" in the conduct of his business; that in the course of business Montague paid out and received money for Wilcox; and that he paid to Montague for Wilcox the sum of one hundred dollars, which Montague for Wilcox received with the promise to pay it in satisfaction of the balance due on the bank mortgage. This testimony was all objected to by the attorney for the plaintiff, on the ground that it was incompetent under section 400 of the Code of Procedure. The objection seems quite groundless, for while Wilcox is dead, and Priester is prosecuting this claim against his estate, the transaction and communication to which Priester testified was with Montague, not Wilcox.

But assuming Priester's testimony to be true, his claim that Wilcox's estate should be required to discharge the bank mortgage is barred by the Statute of Limitations. He introduced the following, furnished him by Wilcox, as an account of their transactions, and testified that the one hundred dollars which was to be paid on the bank mortgage is that mentioned in the first credit to him:

Allendale, S. C., Jan. 18, '95.

Mr. D. R. Priester, in account with W. P. Wilcox.

| | |
|---|---:|
| To balance of account 1893 and int..... | $480 25 |
| To balance of N. & M. of Jan. 20, '88... | 113 52 |
| To balance of N. & M. of Jan. 28, '89... | 251 05 |
| To balance of N. & M. of July 10, '91... | 29 81 |
| | $874 63 |

Cr.

By amount in sale of John Bradley
    tract ..........................$100 00
By one 12-horse boiler, one 16-horse en-
    gine, one gin sprinkler; by one 50-saw
    gin, one steam cotton press......... 774 63—$874 63

There is no evidence that Priester ever made any objec-
tion to the credit of one hundred dollars on his general
account with Wilcox, or demanded that it should be taken
from the general account and paid to the bank. Thus the
account introduced by Priester shows he has received the
benefit of one hundred dollars, as a credit on his account
with Wilcox. If it is now taken from that account, it is
manifest there would be a balance due by Priester to Wilcox
of one hundred dollars, long since barred by the Statute of
Limitations. Even regarding Wilcox the trustee of an
express trust as to the one hundred dollars paid to Mon-
tague, Priester had notice from the above account when
he received it, in 1895, that Wilcox had repudiated the
trust by applying the one hundred dollars to his own debt.
The statute began to run from that time and Priester's
demand that Wilcox or his administrator should apply the
money to the bank's mortgage is barred by the Statute of
Limitations. *Boyd* v. *Munro,* 32 S. C., 253, 10 S. E., 963.
The result is that the plaintiff, as the administrator of the
estate of Wilcox, is not legally liable to Priester for the
payment of the mortgage of the Bank of Barnwell, and that
the proceeds of the sale of the mortgaged premises should
be applied, first, to the payment of the balance of the one
hundred dollars, and interest at eight per cent. from 3d
November, 1891, and ten per cent. attorney's fees, due to
the Bank of Barnwell on its mortgage, and then to the pay-
ment of the sum of $336.36, with interest thereon at the
rate of eight per cent. from 15th November, 1892, found
by the Circuit Judge to be due on the mortgage to Wilcox.

The judgment of this Court is, that the judgment of the
Circuit Court be modified accordingly.