## CITY OF CENTERVILLE v. TURNER COUNTY.

A county upon collection of a city's taxes retained an amount, as commission, in excess of that allowed by statute. The retention was, however, public and open under a claim of right in good faith, and known to the city. **Held,** that limitations ran against each amount so retained by the county from the date of each settlement with

the city, and that back of six years the statute of limitations was a bar to recovery of the excess retained.

City taxes collected by a county are held under an implied, and not an express, trust, and the statute of limitations applies to bar a recovery by the city of the excess commission retained by the county for making the collection, where done openly under a claim of right, in good faith.

Where an action for violation of a trust obligation is cognizable on the law side of the court, and the remedy is concurrent and adequate at law, the statute of limitations applies, though relief is sought in equity.

The statute of limitations applies to bar a recovery, though an accounting may be necessary to determine the amount due, if the account can be taken in an action at law as well as in equity, and this is true where the remedy is actually sought in a court of law.

Haney, J., dissenting.

(Opinion filed, April 5, 1910.)

Hon. E. G. SMITH, Judge.

On rehearing. Former opinion affirmed and cause remanded. with directions.

For former opinion, see 23 S. D. 424, 122 N. W. 350.

McCOY, J. This cause was before this court and judgment of the lower court affirmed in part and modified, including in the judgment only such sums as accrued within six years next preceding the commencement of the cause of action. The former opinion is in 23 S. D. 424, 122 N. W. 350. Rehearing was granted, and the cause is again before us; the only question being presented is as to the applicability of the statute of limitations.

It is conceded that the moneys involved in this suit are a part of a trust fund. The facts being fully stated in the former opinion, it will not be necessary to again state them in full. The trust relation here involved is an implied or constructive trust, and is classified by our statute (section 1609, Civ. Code) as an involuntary trust, arising by operation of law. It is distinguished from a voluntary trust, which includes direct and express trusts, which are only created by direct contracts or by direct acts of the parties. 28 Am. & Eng. Ency. 865; 2 Story, Eq. Jur. 283; Wood v. Supervisors, 50 Hun, 1, 2 N. Y. Supp. 369; Strough v. Supervisors, 50 Hun, 55, 3 N. Y. Supp. 110; Strough v. Supervisors, 119 N. Y. 212, 23 N. E. 552; Dearborn County v. Lods,

9 Ind. App. 369, 36 N. E. 772; Reynolds v. Summer, 126 Ill. 58, 18 N. E. 334, 1 L. R. A. 327, 9 Am. St. Rep. 523, and note; 2 Bouv. Dic. 1144. A trust created by operation of law stands on the same basis as any other constructive trust, as to the remedy for a violation thereof, which must be sought in the same courts and under the same rules as any other trust, just the same as like trusts between individuals. Wood v. Supervisors, supra. This must necessarily be so in the case at bar, as the Constitution and the statutes creating this trust have pointed out no other remedy, thus leaving the question of redress and remedy to the general laws as established by the Legislature or as practiced by the courts. Otherwise there would be no remedy.

Prior to 1890 the fee for collecting city taxes by the county was 4 per cent, under a general law, but by a law in relation to cities passed in 1890 the fee for such collection was reduced to 1 per cent. of the tax collected. The county treasurer being compensated by salary, the amount of fees thus collected went into the salary fund, to be used by the county in paying salary; the excess, if any, being turned into the county general fund. The law of 1890 did not expressly repeal the general law allowing 4 per cent. for collecting city taxes, but only repealed it by implication, and many county treasurers, not knowing which law to follow still continued to retain for the county the 4 per cent., but with the full knowledge of the city authorities that it was so doing, and with full knowledge on the part of the city why it was so doing. Under section 1265, Pol. Code, the county treasurer was required to settle with and pay over to the city treasurer the amount of city taxes collected each month, and the city authorities could not help but know that the county was so retaining the 4 per cent., and why it was so doing. The county retained this excess over 1 per cent. publicly and openly and above board, claiming the absolute right in good faith to do so under the law. Under these circumstances, we are of the opinion that the statute of limitations is operative and runs against each amount so retained and misappropriated by the county from the date of each settlement with the city treasurer, and that back of six years, from the time of the commencement of this action, the statute of limitations is a

bar to recovery. It seems to be a well-settled rule that some trusts are not within the bar of the statute of limitations, and that no lapse of time is a bar to a direct or express trust as between the trustee and the beneficiary; but this rule has exceptions, and is subject to limitations. It seems to be held everywhere, and in almost all jurisdictions, that when a trustee unequivocally repudiates the trust, and sets up open, public, adverse claim against the beneficiary, and openly repudiates the trust, the statute of limitations begins to run from the time such knowledge is brought home to him. 25 Cyc. 1169; Cone v. Dunham, 59 Conn. 145, 20 Atl. 311, 8 L. R. A. 647, and exhaustive note; United States v. Taylor, 104 U. S. 222, 26 L. Ed. 723; Speidel v. Henrici, 120 U. S. 377, 7 Sup. Ct. 610, 30 L. Ed. 718; Perkins v. Cartmell, 4 Har. (Del.) 270, 42 Am. Dec. 758; Ricords v. Watkins, 56 Mo. 554; Merriam v. Hassam, 14 Allen (Mass.) 522, 92 Am. Dec. 795; Wright v. Ross, 36 Cal. 433; Spencer v. Duncan, 107 Cal. 423, 40 Pac. 549; Reynolds v. Sumner, 126 Ill. 58, 18 N. E. 334, 1 L. R. A. 327; Thomas v. Merry, 113 Ind. 83, 15 N. E. 244; Campbell v. McFadden (Tex. Civ. App.) 31 S. W. 436; Horne v. Ingraham, 125 Ill. 198, 16 N. E. 868; Fawcett v. Fawcett, 85 Wis. 332, 55 N. W. 405 39 Am. St. Rep. 844; Meacham v. Bunting, 156 Ill. 594, 41 N. E. 175, 28 L. R. A. 620, 47 Am. St. Rep. 239; Johnston v. Johnston, 107 Minn. 109, 119 N. W. 652; Montague v. Priester, 82 S. C. 492, 64 S. E. 393; Bond v. Poindexter (Tex. Civ. App.) 116 S. W. 395; Garvey v. Garvey, 52 Wash. 516, 101 Pac. 45; Norton v. Bassett, 154 Cal. 411, 97 Pac. 894; Weltner v. Thurmond, 17 Wyo. 268, 98 Pac. 590; Carr v. Craig, 138 Iowa, 526, 116 N. W. 720. The defendant county, in the case at bar, having retained the money sought to be recovered in this action, openly and publicly under an adverse claim of right thereto, with full knowledge thereof on the part of the city, makes the foregoing principle as to the statute of limitations directly applicable to this case. It must necessarily be implied that the portion of the city taxes allowed by law for collecting the same did not become a part of the trust fund, otherwise the retaining of even 1 per cent. thereof would be in violation of a constitutional provision (section 8, art. 11, State Const. ), and

the county would be required to collect the city tax for nothing, but it was only the net sum realized after the expense of collecting that should be paid to the city treasurer every 30 days that constituted the trust fund, and, when the defendant retained the 4 per cent. under claim of right, it was in open hostility and in repudiation of the trust as to the money sought to be recovered in this action.

Another plain reason why the statute of limitations should apply in this case is because the trust here involved is not a direct or express trust, but is a constructive or implied trust. The case of Wood et al. v. Supervisors, 50 Hun, 1, 2 N. Y. Supp. 367, and the two cases of Strough v. Supervisors, one reported in 50 Hun, 55, 3 N. Y. Supp. 110, and the other in 119 N. Y. 212, 23 N. E. 552, are each cases precisely in point in principle with the case at bar. These cases were instituted by the township board of supervisors against the county board of supervisors to recover certain taxes collected by the county as the collecting agent of the township, a portion of which was misapplied by the county and converted to the use and benefit of the county innocently and without intent to defraud. In these cases the courts held that the county was the agent of the township for the purpose of collecting the tax, and that the funds in the hands of the county were trust funds under an implied constructive trust. In Wood v. Supervisors the court said: "This brings us to the question: Can the county plead as a defense in bar of a recovery the statute of limitations, or is it precluded from so doing? The law supports the contention that it may. To prevent the application of the statute in favor of a trustee the trust must be created by the direct act of the parties, and, when a person is charged as trustee by implication or constructive trust of law, he may claim the protection and benefit of the statute. It is only where there is an actual, continuing and subsisting trust that the trustee is precluded from setting up the statute of limitations. The trial court held that the provisions of the statute barring the right of action in six years were applicable to the facts in this case. In this conclusion we concur. The only relief demanded against the county was a money judgment based on the alleged

fact that it had illegally and unlawfully applied to its own use the trust funds." In Strough v. Supervisors, 119 N. Y., 23 N. E., supra, the court said; "The plaintiff insists that the action is for breach of trust and the misuse of trust funds, and that the statute does not commence to run against such a cause of action until there is a denial of the right of the beneficiary. The duty imposed on the treasurer was, in a general sense, a trust duty. This is true of every duty imposed on a public officer, but persons injured by a violation of the duty for which they may maintain an action at law must pursue their remedy within the period of limitations of legal actions. The legal remedy here was adequate, and the cause of action was definite and distinct as to each misappropriation at its date, and we can see no escape from the conclusion that the limitation is governed by section 382, and consequently no recovery can be had back of six years." The rule that the statute of limitations applies as a bar for violation of implied or constructive trusts is well stated in 25 Cyc. 1155. This rule was applied in the very similar case of Dearborn County v. Lods, 9 Ind. App. 369, 36 N. E. 772. This rule seems not to apply where there has been a fraudulent misappropriation and concealment, or where the trustee admits that the fund was a trust fund, and makes no adverse claim himself. 25 Cyc. 1158. The case at bar is wholly without these exceptions. In this case there was no fraudulent misappropriation, and defendant in good faith made advese claim to the fund sought to be recovered in this action. This case is clearly within both rules heretofore stated permitting the statute of limitations to apply. The defendant made open notorious public claim of right to the fund, which would make the statute of limitations applicable even in the case of a direct or express trust, as well as to an implied one.

And there is also another plain reason why the six-year statute of limitations should apply in this case. The plaintiff has sought its remedy in a court of law. The complaint seeks money judgment only, for money had and received. No equity power or jurisdiction is sought to be invoked. It is a complaint plainly on the law side of the court, in which either side was entitled to trial

by jury as a matter of right (22 S. D. 417, Craigo v. Craigo, 118 N. W. 712), but which was tried to the court on a stipulated state of facts. No trust was sought to be established by the allegations of the complaint and a money judgment was all that was demanded, and which was adequate and afforded plaintiff ample redress. The rule seems to be well astablished in relation to remedies for violation of trust obligations that when the action is cognizable on the law side of the court, and the remedy is concurrent and adequate at law, the statute of limitations will apply, although relief is sought in equity. Nor is a case exempt from the statute by reason of the fact that an accounting may be necessary to determine the amount due plaintiff, if the account can be taken in an action at law as well as in a suit in equity, and this is true where the plaintiff actually seeks his remedy in a court of law. 25 Cyc. 1152, subd. "b." And see top of page 1157. Shortridge v. Harding, 34 Mo. App. 354; Roberts v. Ely, 113 N. Y. 128, 20 N. E. 606; Mills v. Mills, 115 N. Y. 80, 21 N.E. 714; Yates v. Wing, 42 App. Div. 356, 59 N. Y. Supp. 78; Strough v. Supervisors, supra; Dearborn Co. v. Lods, supra.

If there ever was a case where the statute of limitations should apply, it is in this class of cases. The city under our statute would be entitled to recover interest on each misappropriation from the date of settlement with the city treasurer. Since 1890 counties have been retaining the 4 per cent. for collecting city taxes, with knowledge and implied consent of the city. The money has not been stolen by the county, but the taxpayer has had the benefit of it, but not in the particular place provided by law. Under such circumstances, it is an absolute injustice to the county that the city might be permitted to lie idly by without objection or without bringing suit, and thus be permitted to recover a large accumulation of interest from the county for this long period of years.

We are of the opinion that the former judgment of this court was right, and should be adhered to, and it is ordered that this action be remanded to the circuit court with directions to ascertain by evidence the amount of said taxes paid to Turner

county or its treasurers after January 10, 1901, and modify and enter judgment in favor of plaintiff for such amount as shall be found to have been so paid after that date, with costs in favor of plaintiff in the circuit court, and that appellant be awarded costs on this appeal.

HANEY, J. (dissenting). The nature of this litigation is disclosed by the decision of the trial court wherein it is found: That defendant is one of the organized counties of this state; plaintiff, a city of the third class located therein. "That between the 20th day of November, 1894, and the 1st day of December, 1906, the duly elected, qualified, and acting county treasurers of defendant county, as officers thereof, collected for the plaintiff the sum of $38,621.85, in taxes as the city tax for the said city, and that the said amount of taxes was paid to the respective treasurers of the said county by the taxpayers of the said city as the city tax thereof; that at several times during each year from the 20th day of November, 1894, to the 1st day of December, 1906, the respective treasurers of the said county remitted to the said city the city taxes so collected by the said treasurers during said period of time, less 4 per cent. of the total amount of taxes so collected, which said treasurers retained as a commission for collecting the said taxes; that the total amount retained by the said treasurers of the said county during said period for collecting the said city taxes was $1,544.73, or 4 per cent. of the total amount so collected; that the said treasurers of the said county during said period deposited the said sum of $1,544.73 retained as commissions as aforesaid in special salary fund of the said county; that out of the said special salary fund certain officer's salaries were paid, and the balance remaining in the said fund at the end of each fiscal year was deposited by the proper county officers in the general fund of the county for the use and benefit of the county;" that payment of the difference between 1 and 4 per cent. on the amount of taxes so collected was demanded and refused January 8, 1907. And the court concludes: "(3) That the defendant is made by law the agent of the plaintiff to collect and enforce the collection of the said taxes, and the relationship existing between the plaintiff and defendant is a fiduciary one, and

the said taxes when so collected by the county became, and is, a trust fund in the possession of the said county, the county acting as a trustee of an express trust; (4) that the defendant county is now holding and retaining the sum of $1,158.54 as taxes belong- ing to the plaintiff (being the difference between 1 per cent. and 4 per cent. of the total taxes so collected) for which defendant must account to plaintiff; (5) that the plaintiff is entitled to judg-. ment against the defendant for the sum of $1,158.54, with in- terest thereon at the rate of 7 per cent. per annum from January 8, 1907, and for costs." Thus it was determined in the court below (1) that the defendant county was authorized by the stat- ute to retain only 1 per cent, as commission for collecting plain- tiff's taxes; and (2) that the six years limitation of actions pleaded in the answer did not preclude recovery of the whole amount so retained with interest from the date of the demand. In the former decision of this court the trial court was sustained as to the first proposition, but reversed as to the second. City of Centerville v. Turner County, 23 S. D. 424, 122 N. W. 350.

After a careful re-examination of these propositions, I am entirely satisfied with the former decision of this court as to the first proposition, but not as to the second. "No tax," declares the state Constitution, "shall be levied except in pursuance of a law which shall distinctly state the object of the same, to which the taxes only shall be applied." Const. art. 11, § 8. The taxes here involved were levied for the use and benefit of the plaintiff city. Having been levied and collected for that purpose, they cannot be applied to any other, not even by express authority of the Legislature itself. The money so collected, in contemplation of the law of this state, as expressed by its Constitution, remains in possession of the defendant county, and will so remain until applied to the object for which it was collected. This being so, its proper application cannot be prevented by legislation in the nature of limitations of actions or otherwise. The mandate of the Constitution is imperative and continuing. It cannot be evaded by legislation or the acts of public officers. This is not an action by the city or county against an individual to recover misappro- priated funds. It is a controversy between the taxpayers of the

city and the taxpayers of the county. It involves a trust created by the Constitution itself, an obligation imposed by the Constitution itself upon the officers of both city and county to see that all money collected by taxation shall be applied to the purpose for which it was levied, an obligation to be enforced by the courts whenever called upon to do so, agreeably to the requirements of the organic law. This view works no injustice. The county, having had the benefit of taxes to which it was not entitled, should make restitution. So, assuming that the payment by the city to the county of one per cent. for collecting the former's taxes as authorized by the statute is a proper use of taxes levied and collected for city purposes, I think this court should recede from the conclusion in its former decision as to the six-year limitation and sustain the court below in all respects.

SMITH, J., taking no part in the decision.